HOUSTON ET AL. *v*. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF GARY.

[No. 368A53. Filed April 3, 1969. No petition for rehearing filed.]

*Owen W. Crumpacker, Harold Abrahamson, Crumpacker & Theodoros*, all of Gary, for appellee.

*Andrew J. Kopki, Thomas E. Kotoske*, and *Call, Call, Borns & Theodoros*, all of Gary, for appellee.

LOWDERMILK, P. J.—This action was brought by the plaintiff-appellee, First Federal Savings and Loan Association of Gary, Indiana, against the defendant-appellants, Mildred Houston, James Houston, Floyd Anderson and Leona Anderson, to foreclose a mortgage. The complaint alleges, in substance, that on August 24, 1960, Floyd and Leona Anderson, husband and wife, executed an installment note in the amount of $6,000, payable to the First Federal Savings & Loan Association of Gary, which note was secured by a mortgage on real estate owned by the appellants, Floyd and Leona Anderson, and located in the City of Gary. The complaint further alleges that on October 19, 1960, the appellants, Floyd and Leona Anderson, executed an additional promissory note in the amount of $2,500; that on September 22, 1964, Floyd and Leona Anderson conveyed the real estate, subject to the mortgage, to Mildred Houston, who at that time promised and agreed to assume the unpaid balance that was due and owing on said mortgage. The complaint alleges further that the parties are in arrears in their monthly payments in the amount of $3,036.89, as of December 31, 1964, and that by reason of being in default of such payments the appellee exercised its option under the mortgage and declared the unpaid balance of said notes and mortgage due and payable.

To appellee's complaint, appellants filed their answer in two paragraphs and appellee filed its reply to the second affirmative paragraph of answer.

After closing the issues, appellee next filed its motion for summary judgment supported by an affidavit and also filed an additional affidavit, after which appellants filed a counter-affidavit contradicting the fact assertions contained in the affidavits and exhibits filed by appellee.

Thereafter, on December 27, 1967, the court granted the appellee's motion for summary judgment and rendered judgment in favor of appellee for money damages in the amount of $14,698.45, including attorneys' fees, and ordered foreclosure of the mortgages in question. Said judgment reads, in part, as follows:

"And it further appearing to the court that plaintiff has filed its motion for Summary Judgment herein on October 25, 1967, supported by affidavit and said motion having been duly set for hearing on November 8, 1967, that defendants filed motion to strike plaintiff's affidavit, that argument was heard on both motions and the court duly continued the hearing until November 22, 1967, in order to give defendants the opportunity to file counter-affidavits, that plaintiff on November 20, 1967, filed supplementary affidavit in support of its motion for Summary Judgment with leave of court. And it further appearing that plaintiff appeared for hearing on November 22, 1967, and that defendants had failed to file counter-affidavits, the court having heard the argument, took this matter under advisement and duly advised the parties that ruling would be made this date and hour.

And the court now overrules the defendants' motion to strike plaintiff's affidavit filed with its motion for Summary Judgment, and now grants plaintiff's motion for Summary Judgment and finds that plaintiff is entitled to Judgment herein on the ground that there is no genuine issue as to any material fact in this action as appears from the pleadings filed herein and plaintiff's affidavits, and that there is due plaintiff from defendants, Flord Anderson a/k/a Floyd Anderson and Leona M. Anderson, his wife, (jointly and severally) on the mortgage instruments sued upon, the sum of $14,698,45, as follows:

|  |  |
|---|---|
| Principal | 9,361.13 ~~10,011.13~~ |
| Interest | ~~2,300.00~~ 2,150.00 |
| Taxes and Insurance | 1,262.32 |
| Attorney fees | 1,100.00 |
| Title Report expense | 25.00 |
| Total | ~~$14,698.45~~ 13,898.45 |

Then, on January 19, 1968, the court, by *nunc pro tunc* entry, modified the judgment and decree, reducing the amount of the judgment from $14,698.45 to $13,898.65. This entry reads, in part, as follows:

"It appearing to the court that there is an inconsistency in the finding on page 4 of the *form order* filed December 27, 1967, in that in the body of the finding the total amount is stated to be $14,698.45 and the total of the itemized amounts it is stated to be $13,898.45 which is the correct amount said figure of $14,698.45 is hereby modified to read $13,989.45, nunc pro tunc as of December 27, 1967." (Our emphasis.)

This *nunc pro tunc* entry, as well as changing the amount of the finding also clarifies the reason for the original finding of the court showing "defendants had failed to file counter-affidavits", as the record disclosed a counter-affidavit was filed and considered by the court. There is not in the record any motion to strike appellee's affidavit, as was also set out in the *form order*.

In the record of December 27, 1967, setting out the principal, interest, et cetera, and the total amount of the award to appellee the principal of $10,011.13 was scratched out and the sum of $9,361.13 was inserted in its place; the interest of $2,300.00 was stricken out and inserted in its place were the numerals $2,150.00; and the total of $14,698.45 was stricken out and pencilled in its place were the numerals $13,898.45.

The same pencilled correction appears in the *form order* at two additional places.

Appellants appealed from the above adverse decision and judgment and from the trial court's granting of the motion for summary judgment and assigned as errors the court's granting appellee's motion for summary judgment; that the court erred in entering judgment in favor of appellee and against appellants after sustaining appellee's motion for summary judgment.

We are confronted with the question in this, as in all summary judgment cases,—was there a genuine issue as to any material fact?

In appellants' counter-affidavit, they contend "the motion for summary judgment should be denied for the reason that a bona fide triable issue existed in that payments made on said account are not reflected on the bookkeeping records of the appellee; that among those payments there was a payment of $650 which did not appear on appellee's record."

We must now consider appellee's affidavit in support of its motion for summary judgment which reads, in part, as follows:

### "AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT"

"Louis J. Paunicka, being first duly sworn, deposes and says:

"I am the duly authorized and appointed Controller of First Federal Savings and Loan Association of Gary, an Association organized and existing under the laws of the United States of America, and have personal knowledge of the facts herein set forth.

"This affidavit is submitted in support of the plaintiff's motion for summary judgment herein, for the purpose of showing that there is in this action no genuine issue as to any material fact, and that the plaintiff is entitled to judgment as prayed for in its complaint as a matter of law.

"That as Controller, it is my job to insure the accuracy of all the accounting records of First Federal Savings and Loan Association of Gary, and all debits, which include tax and insurance charges paid by the association and interest charges made by the association, and credits, which include payments by mortgagors, are applied to the account of each mortgate loan on the books of the association, under my personal direction and control, and it is my responsibility to insure that the record of each mortgage loan accurately reflects all of the debits and the credits applicable thereto.

"That the net total of all payments received from anyone on the account of the mortgages described in plaintiff's

complaint herein is $3009.85, after reducing the gross total by $70.00 from a check returned on February 10, 1961, and reducing the gross total by the sum of $70.00 for a check returned on November 16, 1961, up to the date of filing of the complaint in this cause of action on February 15, 1965.

"That two installments of $53.00 each and two installments of $75.00 each were due in the year 1960, twelve installments of $75.00 each were due in the year 1961, twelve installments of $75.00 each were due in the year 1962, twelve installments of $75.00 each were due in the year 1963, and twelve installments of $75.00 each were due in the year 1964 up and until December 31, 1964 for the payment of principal and interest only by the terms of the mortgage instruments described in plaintiff's complaint. And accordingly, the total sum of $3856.00 was due to be paid for principal and interest only on the mortgage instruments described in plaintiff's complaint up to December 31, 1964.

"That the payments due on the mortgage instruments described in plaintiff's complaint were in default in the total sum of $846.15 on December 31, 1964.

"That in addition to principal and interest payments as set forth above, the mortgage instruments described in plaintiff's complaint provide for the payment of 1/12 of the annual tax and insurance charges to the secured property be paid monthly in addition to the principal and interest payments.

"That the plaintiff paid a total sum of $1766.78 up to December 31, 1964 for the payment of all taxes accruing on the real estate described in paragraph 3 of plaintiff's complaint and all insurance premiums for insurance, contracted with regard to the real estate described in paragraph 3 of plaintiff's complaint. And that this total sum has been added to the mortgage indebtedness described in plaintiff's complaint.

"That by reason of the default in the payment of principal and interest installments totaling $846.15 as of December 31, 1964, the plaintiff exercised its option under its notes described in plaintiff's complaint to declare the total principal balance with accrued interest and expenses immediately due and payable. That the balance due on the mortgage instruments described in plaintiff's complaint was $10,011.13 plus interest at the rate of 8% per annum on December 31, 1964.

"That since December 31, 1964 the plaintiff has expended the sum of $25.00 for title continuation on the 16th day of January, 1965, and the total sum of $1262.32 for the payment of all taxes and insurance charges accruing on the real estate described in plaintiff's complaint up to March 1, 1967.

"That the plaintiff has received no payments whatsoever from any of the defendants in this cause of action to be applied to the account of the mortgage instruments described in plaintiff's complaint since August 6, 1964.

. . ."

We must also consider appellee's supplementary affidavit which reads, in part, as follows:

"SUPPLEMENTARY AFFIDAVIT IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT"

". . . That the balance of these mortgages as of December 31, 1964, is computed from the mortgage records of First Federal Savings and Loan Association of Gary by adding the balance shown on these records as of December 31, 1964, of $9,843.95 to the minus escrow balance of $167.19 making a total balance due as of December 31, 1964 of $10,011.13."

The appellants' affidavit in opposition to appellee's motion for summary judgment reads, in part, as follows:

"COUNTER-AFFIDAVIT"

". . .

"That as the owner of the said premises, I have made payments and I caused to have payments made to the First Federal Savings and Loan Association of Gary on Account No. 11856-7, same being the note and mortgage described in plaintiff's complaint.

"That plaintiff's mortgage [motion] for Summary Judgment should be denied for the reason that a bona-fide triable issue exists in that payments made on said account are not reflected on the bookkeeping records of the plaintiff, that among those payments there was a payment of $650.00 which did not appear on plaintiff's records and which payment was made at the special instance and request of the plaintiff in order to bring the account up-to-

date in 1963; that there were other payments made, the exact dates and amounts of which will be introduced at the trial, inasmuch as the payment books and records of the defendants are now in the possession of one L. Goodman, a certified public accountant of Chicago, and that defendant has been unable to obtain said records in said Goodman's possession, but that said records will be available at the time of the trial of this cause.

"In further support of this Counter-Affidavit, your affiant says that the delinquency as appears in the exhibits and in the supplemental affidavits do not coincide, and that the method of bookeeping used by the plaintiff does not truly reflect the condition of the account as of December 31, 1964."

The record further, on December 20, 1967, reads as follows:

"Comes now the plaintiff and in open court offers to give said defendant credit for the amount of $650.00, and to reduce plaintiff's demand in that amount.

"Motion for summary judgment again taken under advisement."

which was followed by the court's summary judgment without further pleadings on December 27, 1967.

Acts 1965, ch. 90, § 1, p. 126, the same being § 2-2524, Burns' 1968 Replacement, are patterned after Federal Rule of Civil Procedure 56 and we shall therefore look to the Federal cases for our guidance as well as the cases handed down on this proposition in the State of Indiana.

In the case of *Carter v. Williams,* (7th Cir. 1966) 361 F. 2d 189, 193, the court said:

"While Rule 56 does contemplate that 'the allegations of fact in the pleadings may be pierced' by admissions, depositions and affidavits which show, in fact, that no genuine issues of fact exist *Albert Dickinson Co. v. Mellos Peanut Co.,* 7 Cir., 179 F. 2d 256, 267, unless such evidentiary matters submitted in a particular case clearly show 'that there was no issue of fact to be tried',

the court 'is not permitted to try on the affidavits submitted an issue of fact which is presented by the pleadings.' *Campana Corp. v. Harrison*, 7 Cir., 135 F. 2d 334, 335-336. If, upon the proofs adduced in support of a motion for summary judgment, any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant for summary judgment and the motion for summary judgment must be denied. *Mitchell v. Pilgrim Holiness Church Corp.*, 7 Cir. 210 F. 2d 879, certiorari denied 347 U. S. 1013, 74 S. Ct. 867, 98 L. Ed. 1136 . . ."

This language was reaffirmed in the case of *Zahora v. Harnischfeger Corporation* (7th Cir. 1968), 404 F. 2d 172.

We agree with the appellants, as set forth in their brief, that:

"The basic purpose of the Indiana Summary Judgment Statute is to provide a procedural device for prompt disposition of cases where there is, in reality, no genuine issue of fact to be determined in the trial, either by a court or a jury."

However, as stated by the United States Court of Appeals for the 7th Circuit, in dealing with summary judgment:

"In deciding whether there is an issue of material fact in the case *all doubts* must be resolved against the party asking for summary judgment." *Greenebaum Mortgage Co. v. Town & Country Garden Association* (7th Cir., 1967) 385 F. 2d 347. (Emphasis supplied.)

Our Supreme Court, in *Kapusta v. DePuy Mfg. Co.*, (1968), 249 Ind. 679, 234 N. E. 2d 487, on denying petition to transfer said, in construing Section (e) of our Summary Judgment Act, *supra*, the following:

"We construe the words 'if appropriate' in subsection (e) in light of subsection (c) *to still require a finding that there is no genuine issue as to any material fact, whether or not counter-affidavits are filed.* Our statute is patterned after Federal Rule of Civil Procedure 56 and we believe the Advisory Committee's Notes of 1963 to the last two sentences

of subdivision (e) are appropriate: '. . . The amendment (is not) designed to affect the ordinary standards applicable to the summary judgment motion.' " (Our emphasis.)

This construction, like the Federal construction requires that there be no genuine issue as to any material fact before a summary judgment may be entered.

In the case of *Pierce v. Ford Motor Co.* (4th Cir., 1951), 190 F. 2d 910, the court said:

"It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of the opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented."

Neither the complaint, the motion for summary judgment, nor the supporting affidavits thereto were amended to reflect the change and correct the $650 error which appellee confessed in open court in offering to credit that amount to appellants. This is an admission by appellee that their records are incomplete and incorrect and places the reliability and credibility of appellee's mortgage records in issue. We also believe that the affidavit and supplemental affidavit of appellee's Controller being in error would further place in issue his credibility as well as the issue of other amounts which may have been paid by appellants and not properly reflected in appellee's records. The trial court may not summarily pass over these issues by merely reducing appellee's demand by $650 in granting the motion for summary judgment.

We are therefore constrained to hold that there was a triable issue of fact presented to the court and that the case

should have been submitted to the court for trial on its merits, even though the court, in its wisdom, probably was of the opinion that the same result was reached in the granting of a summary judgment that would have been reached had he tried the case on its merits. *Pierce v. Ford Motor Co., supra.*

For these reasons, this cause is reversed and remanded for proceedings consistent with this opinion.

Pursuant to Burns' Indiana Statutes Annotated, § 2-3237, the costs are taxed to appellee.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 246 N. E. 2d 199.