## DONAT v. INDIANA BUSINESS AND INVESTMENT TRUST

[No. 169A9. Filed June 22, 1970.]

*John Perrin, Albert W. Ewbank,* of Indianapolis, for appellant.

*Michael E. Smith, McNutt, Hurt & Blue,* of Indianapolis, for appellees.

HOFFMAN, P.J.—This appeal arose from the entry of summary judgment in favor of plaintiff-appellee on its complaint on a promissory note.

The facts not disputed disclose the following circumstances:

In January, 1965, appellant-Donat executed his promissory note to appellee in the amount of $23,000. The note was issued for a cash consideration. A collateral agreement was entered into between the parties providing that as collateral security for the note appellant pledged 250 shares of the capital stock of Sphere Securities, Inc., and warranted that 50% of the gross earnings of Sphere Securities, Inc., would be set aside for appellee. The note provided for an acceleration of the due date in the event appellee deemed itself insecure.

Sometime thereafter, appellee learned of the resignation of certain directors of Sphere Securities, Inc., and also that appellant had, by resolution, the right to withdraw funds from the bank account of Sphere without limitation. Appellee deemed itself insecure and moved to collect on the note.

After numerous pleadings and delay, a hearing was held on appellee's motion for summary judgment. Opposing affidavits were filed by appellant. The trial court found that no genuine issue as to any material fact existed and entered judgment in favor of appellee and against appellant.

Prior to the hearing on the motion, appellant filed his supplemental answer in four paragraphs and, further, a counterclaim premised on alleged funds owed him by appellee.

Appellant has assigned as error several issues; however, because of the decision we reach herein we need only consider Assignment of Error No. 3, which reads as follows:

"3. That the trial court erred in granting the appellee's motion for summary judgment."

Attached to appellee's motion for summary judgment is the affidavit of Henry Hile. Mr. Hile alleged in his affidavit that the appellant " . . . has refused to make payment on said account."

Acts 1965, ch. 90, § 1, p. 126, Ind. Stat. Anno., § 2-2524, Burns' 1968 Repl., requires that before a summary judgment can be entered, the court must determine that " . . . there is no genuine issue as to any material fact . . . ."

Thus, in order for summary judgment to be entered *as a matter of law,* the allegations of the affidavits and pleadings cannot evidence a dispute pertaining to a material fact.

Appellant filed his opposing affidavit and alleged specifically in rhetorical paragraph four thereof, as follows:

"4. That the amount prayed for in the plaintiff's complaint by virtue of the execution of the note sued on, has been paid and satisfied."

Notwithstanding this contradictory assertion, summary judgment was granted. Such action was erroneous.

This court has concerned itself with the issue present in the instant case in two recent and well-reasoned opinions: *Houston* v. *First Federal Savings & L. Ass'n. of Gary*, 144 Ind. App. 304, 246 N. E. 2d 199, 17 Ind. Dec. 125 (1969); *Babchuk* v. *Heinold Elevator Co., Inc.*, 144 Ind. App. 328, 246 N. E. 2d 211, 17 Ind. Dec. 148 (1969).

Judge Lowdermilk, speaking for this court, in *Houston*, at 205 of 246 N. E. 2d, in adopting the position of the Federal Court in *Pierce* v. *Ford Motor Co.*, (4th Cir. 1951), 190 F. 2d 910, said:

> "We are therefore constrained to hold that there was a triable issue of fact presented to the court and that the case should have been submitted to the court for trial on its merits, even though the court, in its wisdom, probably was of the opinion that the same result was reached in the granting of a summary judgment that would have been reached had he [it] tried the case on its merits."

In the instant case, a *material* issue of fact exists on the face of the affidavits before the court. The trial court is not at liberty to weigh the respective merits of the claims, nor is it at liberty to pre-judge the credibility, or the lack of same, of parties or witnesses in their behalf.

Under Trial Rule 56(G) of the new Indiana Rules of Procedure, which shall govern future proceedings in this cause, if the court determines an affidavit presented pursuant to a motion for summary judgment is presented in bad faith or solely for the purpose of delay, the court can order the party employing such affidavit ". . . to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

The above quoted rule should be strictly enforced to pre-

serve the intent and purpose of the summary judgment proceeding.

For the foregoing reasons the judgment of the trial court must be reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

Pfaff, Sharp and White, JJ., concur.

NOTE.—Reported in 259 N. E. 2d 428.