JILL DAVIS B/N/F FRED DAVIS *v*. BOARD OF COMMISSIONERS, MONROE COUNTY ET AL.

[No. 170A11. Filed October 4, 1971. Rehearing denied November 17, 1971.]

---

Wm. T. Hornaday, of Bloomington, for appellant.

*Willis Hickam, Hickam and Hickam,* of counsel, of Spencer, *George M. Tomey, Snyder, Bunger, Cotner, Harrell & Robertson, Rogers, Gregory & McDonald, McCrea & McCrea,* all of counsel, of Bloomington, for appellees.

SULLIVAN, P. J.—This appeal involves a judgment against plaintiff in favor only of the defendant Board of Commissioners as an entity and as individuals. The other named parties are nominal appellees only. The finding and judgment appealed from reads in part as follows:

> "And now the Court hears argument of counsel upon said demurrer, and, being duly advised in the premises sustains said demurrer.
>
> "And the plaintiff now fails and refuses to amend her complaint or plead further as to the said defendants, the Board of Commissioners of the County of Monroe, Indiana, George Duncan, William Moser and Phillip Rogers, Commissioners; and the Court renders judgment on the demurrer.
>
> "IT IS, THEREFORE, CONSIDERED AND ADJUDGED BY THE COURT that the plaintiff take nothing by this action as against the said defendants, the Board of Commissioners of the County of Monroe, Indiana, George

Duncan, William Moser and Phillip Rogers, Commissioners, and that said defendants recover of the plaintiff their costs and charges in this cause laid out and expended."

Appellant's brief does not set forth the defendant Board of Commissioners' demurrer and is defective in some other (minor we believe) particulars. Earlier in this proceeding the appellee-defendant Board filed its Motion to Dismiss or Affirm the appeal. The motion failed by reason of the even 4-4 division of the full court but this court also by equal division denied appellant's motion to amend her brief in order to cure the alleged defects therein. Hence, we are faced with the anomalous situation in which appellant was denied the right to cure the errors asserted by appellee Board as cause for dismissal or affirmance, yet we have denied the Motion to Dismiss or Affirm. This Division, therefore, is faced with the difficult task of deciding an appeal upon the merits when we have precluded the full articulation of appropriate or applicable argument upon issues which have been presented by the appeal. We nevertheless embark upon the task, deeming the only issues presented to be clear questions of law.

Appellant premises her appeal solely upon the contention that the county is not immune from civil liability for its negligent failure to maintain a county highway. The essence of plaintiff-appellant's complaint was that the county was negligent in the repair and maintenance of a county highway, which negligence was the proximate cause of injury to plaintiff when her bicycle struck a hole in the road and whereby she was thrown from the bicycle to the roadside.

### SOVEREIGN IMMUNITY DOES NOT ATTACH TO COUNTY WITH REFERENCE TO NEGLIGENT MAINTENANCE OR REPAIR OF COUNTY HIGHWAYS

Very recently, in *Campbell* v. *State* (1971), 269 N. E. 2d 765, this court decided a similar question insofar as the State of Indiana was concerned. We there held that the

State was immune from liability based upon claims of negligence. Unlike the *Campbell* case, *supra,* there is no question of state immunity here involved, but we must interpret two cases there cited in the context of the facts now before us. In *Campbell,* we overruled *Klepinger* v. *Bd. of Comm. Co. of Miami* (1968), 143 Ind. App. 155, 239 N. E. 2d 160, only to the extent that the latter decision held street, highway and bridge repair to be proprietary rather than governmental. We did not overrule the *Klepinger* case insofar as that case followed *Brinkman* v. *City of Indianapolis et al.* (1967), 141 Ind. App. 662, 231 N. E. 2d 169. The *Brinkman* case quite clearly held that as to counties and municipalities the distinction between governmental and proprietary functions was abolished, and more importantly that the doctrine of sovereign immunity from tort liability does not attach to [municipal corporations], e.g., counties. As noted by Division Two of this Court in *Snyder* v. *Mouser* (Decided September 7, 1971), 149 Ind. App. 334, 272 N. E. 2d 627, the *Brinkman* holding is "completely inconsistent with the rationale of county governmental immunity."

Upon the authority of *Klepinger* v. *Bd. of Comm. Co. of Miami, supra,* insofar as that case follows and makes applicable to its facts the *Brinkman* decision, we now hold that the defendant Board of Commissioners of Monroe County are not cloaked with the doctrine of sovereign immunity and that said county is therefore answerable for negligent maintenance or repair of county highways, if such negligence be the fact.

### DUTY OF COUNTY ROAD MAINTENANCE AND REPAIR DEVOLVES UPON THE BOARD OF COUNTY COMMISSIONERS OR ITS DULY APPOINTED "COUNTY HIGHWAY SUPERINTENDENT"

Notwithstanding the fact that the original and supplemental memoranda accompanying defendant county's demurrer confine themselves to the question of sovereign immunity, we

are obligated to look beyond said memoranda and consider the propriety of the court's ruling in the light of the defendant county's assertion upon appeal concerning the duty of the defendant Board of Commissioners to maintain and repair highways.[1] *Stahl* v. *Kincade* (1963), 135 Ind. App. 699, 192 N. E. 2d 493; *Lynch* v. *Holy Name Church* (1962), 133 Ind. App. 492, 179 N. E. 2d 754; *Millspaugh* v. *Northern Ind. Public Service Company* (1938), 104 Ind. App. 540, 12 N. E. 2d 396.

It is the contention of the defendant Board of Commissioners that in August 1967, the time at which plaintiff's alleged cause of action arose, a 1933 Act, being Chapter 27, Section 1 thereof, IC 1971, 8-17-3-1, as found in Ind. Ann. Stat. § 36-1101 (Burns 1949), was controlling. Said statute, which has not been repealed, provides as follows:

> *"Except as hereinafter otherwise provided,* the county surveyor shall have general charge of the repair and maintenance of the county highways situated in each county of the state. The surveyor shall receive for such services compensation which shall be fixed by the board of county commissioners: [.] The board of county commissioners shall allow and pay the county surveyor by way of expense, when furnishing his own conveyance, the sum of five cents [5c] for each mile necessarily traveled in the discharge of his duties as supervisor of highway. The board of commissioners shall provide all tools and equipment and the housing and repair thereof. [Acts 1933, ch. 27, § 1, p. 139; 1945, ch. 165, § 1, p. 388.]" (Emphasis supplied)

The contemplated exception deemed pertinent to the facts before us is found in Section 10 of the 1933 Act in question, IC 1971, 8-17-3-10, being Ind. Ann. Stat. § 36-1110 (Burns 1970 Supp.), and which reads in part as follows:

---

1. It may be noted, however, that the memorandum accompanying defendant Board of Commissioners' demurrer contains the following statement of authority in support of said demurrer:

"Section 82—Highways—West's I.L.E.

"AUTHORITY AND DUTY.

". . . and with respect to County and Township Highways not incorporated in the State highway system *they rest in the county and boards of commissioners of the several counties.*" (Emphasis supplied)

"(a) The board of county commissioners of any county of the State of Indiana shall have the right to employ any person other than the county surveyor as a supervisor of county highways, such person to be known as the county highway supervisor. Such county highway supervisor shall serve at the will of the board of county commissioners, and shall perform the duties that are provided in this act [§§ 36-1101—36-1110] to be performed by the county surveyor."

It appears quite clear, therefore, that since the effective date of the 1933 Act, a county by and through its board of commissioners could in its discretion divest the county surveyor of his duties to maintain and repair county highways and themselves assume such duty by the appointment of their agent, i.e., a "county highway supervisor."[2]

We do not assume the existence or nonexistence of such county highway supervisor in Monroe County during the period here involved but upon demurrer the well-pleaded facts must be taken as true, together with those which may be deemed reasonably intended. *Taylor* v. *Indiana Bell Telephone Co.* (1970), 147 Ind. App. 507, 262 N. E. 2d 399. In this connection, we must note that plaintiff's complaint contains the following allegation:

"[The defective road condition] was called to the attention of the Highway Superintendent of the defendant, Monroe County, Indiana, an employee of the defendant, Board of Commissioners of said County, repeatedly, and the said

2. The Acts of 1919, ch. 112, § 1 et seq., IC 1971 8-17-1-1, as found in Ind. Ann. Stat. § 36-301 et seq. (Burns 1949) provides in part:

"The board of county commissioners of each county of the state is hereby authorized and empowered to . . . improve, maintain and repair all public highways, bridges and culverts in the county. . . ." Ind. Ann. Stat. § 36-301 (Burns 1949).

Said Act has not been specifically repealed, nor does the compiler of the Ind. Ann. Stat., nor the compilation which represents the 1971 Indiana Code, state or imply that said 1919 Act is impliedly repealed by the Act of 1933. This possible stimulus for students of statutory construction need not, however, concern us here because as noted the existence of a county highway supervisor is alleged, thereby placing responsibility for highway maintenance and repair within the authority and responsibility of a county board of commissioners as set forth in the 1933 Act.

County Highway Superintendent was requested to repair said road."

Having alleged the existence of a county highway supervisor or superintendent, plaintiff was entitled to assume his burden of proof at trial. The allegation of plaintiff's complaint hereinabove set forth is sufficient to withstand defendant's demurrer.

Judgment reversed and cause is hereby remanded for further proceedings not inconsistent with this opinion.

Buchanan, Lowdermilk, and Robertson, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 551.