GERALD YATER AND EILEEN YATER *v.* ALBERT KEIL AND BOARD OF COMMISSIONERS OF THE COUNTY OF PUTNAM.

[No. 1-1175A203. Filed July 28, 1976.]

*William G. Brown*, of Brazil, for appellants.

*McFaddin & McFaddin*, of Rockville, for appellee Keil; *J. D. Calbert*, of Greencastle, for appellee Board of Commissioners.

## CASE SUMMARY

LOWDERMILK, J.—Plaintiffs-appellants Gerald and Eileen Yater appeal from summary judgments in favor of defend-

ants-appellees Albert Keil and the Board of Commissioners of the County of Putnam.

We reverse.

## FACTS

The Yaters went to Keil's home in response to a telephone call from Keil's wife who requested Gerald's aid in adjusting a farm implement.

Gerald and Keil worked on the latter's wheat drill so that he could sow soybeans with it.

Then the pair refreshed themselves with a beer at Keil's place, after which they went to Roachdale where each drank two more at the tavern.

While motoring back to Keil's house in a pickup truck provided him by his employer there occurred an accident in which Gerald was injured.

Keil was driving, and while doing so was talking to Gerald and was taking a small cigar from a pack in his shirt pocket. At that time the right front wheel of the vehicle dropped off the right side of the asphalt pavement of the Putnam County road and immediately struck a concrete culvert which adjoined the roadway and protruded higher than the pavement.

Weeds and grass had been allowed to grow up along the road so as to obscure an approaching motorist's view of the culvert, which was not marked.

The Yaters commenced this action to recover for Gerald's injuries from the mishap and for Eileen's loss of Gerald's services.

In granting motion for summary judgment by Keil and the Board the trial court concluded:

"(1) That the Plaintiff Gerald Yater was a guest of Albert Keil.

(2) That the alleged negligence of the defendant Board ... in failing to mark such culvert was not the proximate cause of the accident."

## ISSUES

1. Whether the trial court erred in entering summary judgment for Keil.

2. Whether the trial court erred in entering summary judgment for the Board.

3. Whether the Indiana "guest statute"[1] is unconstitutional in that it denies the Yaters equal protection of the law.

## DISCUSSION

We recently reiterated the standard for granting a summary judgment, in *Union State Bank* v. *Williams* (1976), 169 Ind. App. 345, 348 N.E.2d 638, 52 Ind. Dec. 663, 666:

"In such cases, it is well settled that the motion should be sustained only where the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits and testimony reveal that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. . . . Moreover, in determining whether a genuine issue of material fact exists, the facts set forth by the opponents' affidavits must be taken as true, and *any doubt must be resolved against the proponent of the motion . . .*" (Our emphasis; citations omitted.)

In the case of *Houston* v. *First Savings & Loan Assoc.* (1969), 144 Ind. App. 304, 314, 246 N.E.2d 199, this court, in quoting from *Pierce* v. *Ford Motor Co.* (4th Cir. 1951), 190 F.2d 910, *cert. den.*, 342 U.S. 887, said:

"It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the Judge is of the opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented."

---

1. IC 1971, 9-3-3-1 (Burns Code Ed.).

ISSUE ONE:

 Our guest statute provides:

"The owner, operator, or person responsible for the opera-
tion of a motor vehicle shall not be liable for loss or damage
arising from injuries to or death of a guest, while being
transported without payment therefor, in or upon such
motor vehicle, resulting from the operation thereof, unless
such injuries or death are caused by the wanton or wilful
misconduct of such operator, owner, or person responsible
for the operation of such motor vehicle." IC 1971, 9-3-3-1.

Inasmuch as the Yaters had yet to alleged or show "wanton
or wilful misconduct" by Keil, the trial court's entry of sum-
mary judgment for Keil would have been correct if there had
been no genuine issue of fact as to whether Gerald was a
guest of Keil. IC 1971, 9-3-3-1; Ind. Rules of Procedure, Trial
Rule 56(C).

In *Schoeff* v. *McIntire* (1972), 153 Ind. App. 289, 287 N.E.
2d 369, this court concluded that a trial court could infer a
"passenger for consideration" relationship from facts
 similar to the ones in the case at bar. The plaintiff in
*Schoeff* was similarly injured while riding in a social
acquaintance's automobile as a result of the plaintiff's re-
sponse to the acquaintance's request for aid in painting a
kitchen.

We therefore conclude that had the trial court resolved all
doubts in favor of Gerald it would have been apparent that
reasonable men could have differed about the relationship be-
tween Gerald and Keil. *Union State Bank* v. *Williams, supra.*

ISSUE TWO:

Turning to the trial court's second conclusion, we must
address the confusing issue of proximate cause: whether the
Board's conduct, if negligent was so significant and important
a cause of Gerald's injuries that the policy of the law will
extend responsibility for said conduct to the consequences
thereof.

A helpful review of the function of a trial court where proximate cause is an issue appears in Prosser, *Law of Torts* 289-290 (4th Ed. 1971) :

"It must be remembered that the primary function of the jury is the determination of questions of fact upon which reasonable men might differ. The administration of rules of law, and the determination of facts upon which there could be no reasonable difference of opinion is in the hands of the court. If the foregoing analysis is correct, it follows that the duties of the court in any case in which 'proximate cause' is involved are as follows:

1 The determination of any question of duty . . . This issue is one of law, and is never for the jury.

2. The determination of causation in fact, in any case where reasonable men could not differ as to whether the defendant's conduct was, or was not, a substantial factor in producing the result. In cases where reasonable men might differ—which will include all but a few of the cases in which the issue is in dispute at all—the question is one for the jury.

3. [Damages] * * *

4. The determination of the standard of conduct, and of the extent of the defendant's obligation, in all cases where reasonable men could not differ, or any limitation is imposed by the law. This would include, of course, any limitation of liability as to consequences directly caused, or any case in which the defendant's responsibility is superseded by abnormal intervening forces.

"In any case where there might be reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of the defendant's conduct with respect to it, or the normal character of an intervening cause, the question is for the jury. . . . By far the greater number of the cases which have arisen have been of this description; and to this extent it may properly be said that 'proximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.' "

For independent intervening conduct to prevent the extension of liability to the conduct of the original wrongdoer, the later conduct must constitute a cause interrupting the natural sequence of events, turning aside their course, preventing the natural and probable result of the

original act or omission, and producing a result that could not have been reasonably anticipated. *Swanson* v. *Slagal* (1937), 212 Ind. 394, 8 N.E.2d 993.

Our Supreme Court therefore held in *Swanson, supra,* that wrongful conduct would be a proximate cause of an injury "if the wrongful act of the defendant is a substantial factor in producing the injury complained of, and if the particular injury suffered by the plaintiff is one of a class which was reasonably foreseeable at the time of the defendant's misconduct. . . ." 212 Ind. at 413.

The court further stated, at 212 Ind. 413-414:

"It is the function of the jury to determine whether the defendant's act is a substantial factor in producing the injury of the plaintiff and whether such injury was reasonably foreseeable at the time of the defendant's misconduct. It is for the court to determine whether the plaintiff's interest which has suffered is protected by law and whether the interest is protected against the 'particular hazard encountered.' "

This court will consider this issue to be one of fact "whenever there is some reasonable doubt as to the proximate cause." *Burris* v. *Buikema* (1964), 139 Ind. App. 333, 334, 202 N.E.2d 593.

We therefore conclude that had the trial court resolved all doubts in favor of Gerald it would have faced an issue, i.e., whether the Board's conduct was a proximate cause of Gerald's injuries, about which reasonable men could have differed. *Union State Bank* v. *Williams, supra.*

## DECISION

Inasmuch as genuine questions of fact existed as to the responsibility of both defendants for Gerald's injuries, the trial court committed reversible error in entering summary judgments in favor of both TR 56(C).

As in *Houston* v. *First Federal Savings & Loan Assoc., supra,* at 144 Ind. App. 314-315, we feel "that there was a

triable issue of fact presented to the court and that the case should have been submitted to the court for trials on its merits, even though the court, in its wisdom, probably was of the opinion that the same result was reached in the granting of a summary judgment that would have been reached had he tried the case on its merits."

It is therefore unnecessary for us to deal with the third issue, which was recently resolved by our Supreme Court in *Sidle* v. *Majors* (1976), 264 Ind. 206, 341 N.E.2d 763.

The trial court's judgments are hereby reversed and this cause remanded for trial.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 351 N.E.2d 920.