**Edward HURST, Individually and as Next Friend of Michael Hurst, Edward Hurst and Kathryn Butler, as Co-Special Administrators of the Estate of Linda Hurst, Deceased, and Edward Hurst, as Father of Edward Hurst, Jr., Deceased, and Thomas Hurst, Deceased, Appellants (Plaintiffs Below),**

v.

**The BOARD OF COMMISSIONERS OF the COUNTY OF PULASKI and Pulaski County, Indiana, Appellee (Defendant Below).**

**No. 3–882A219.**

Court of Appeals of Indiana, Third District.

March 16, 1983.

Rehearing Denied April 18, 1983.

Thomas W. Ward, Knox, for appellants.

Frank E. Tolbert, Miller, Tolbert, Wildman, Muehlhausen & Muehlhausen, P.C., Logansport, for appellee.

HOFFMAN, Presiding Judge.

On October 1, 1977, appellant Hurst was involved in a two-car accident at the intersection of County Roads 700 North and 300 West in Pulaski County. Hurst was driving along County Road 300 West when he stopped for a stop sign at the intersection.

Hurst's view west was obstructed by weeds and tall growth so he proceeded slowly into the intersection. Once into the intersection he observed a pickup truck bearing down on his vehicle, from the west. He unsuccessfully attempted to avoid being hit.

Hurst brought suit against the Pulaski County Board of Commissioners (Board) alleging three theories of recovery. First, he contends that the Board has a duty to remove weeds and growth from along county rights-of-way pursuant to Ind.Code § 8–17–14–1 (Burns Code Ed.). Second, the Board has a common-law duty to remove weeds and natural growth from along county rights-of-way for the protection of motorists. Finally, the Board negligently maintained an inherently dangerous intersection. The trial court awarded summary judgment for the Board on all theories, and this appeal results.

On appeal Hurst raises four issues:

(1) whether Ind.Code § 8–17–14–1 places a duty upon the county to remove weeds and natural growth from along county roadways for the benefit of motorists;

(2) whether the trial court erred in granting the Board's motion for summary judgment on the factual issue as to whether the weeds had been cut by the county;

(3) whether the Board has a common-law duty to remove weeds and natural growth from along county roadways to prevent the obstruction of a motorist's view; and

(4) whether the trial court erred in reopening the Board's motion for summary judgment which had been denied and having a hearing on the reopened motion without proper notice to appellant.

■ When reviewing a grant or denial of summary judgment, this Court must determine: 1) whether there existed any genuine issue of material fact; and 2) whether the trial court correctly applied the law. *Perry v. Northern Ind. Pub. Serv. Co.* (1982), Ind. App., 433 N.E.2d 44; *Wallace v. Indiana Ins. Co.* (1981), Ind.App., 428 N.E.2d 1361.

The movant has the burden of establishing that no genuine issue of material fact exists and all doubts shall be resolved against him. *F.W. Means & Co. v. Carstens* (1981), Ind. App., 428 N.E.2d 251; *Smith v. P. & B. Corp.* (1979), Ind.App., 386 N.E.2d 1232.

Hurst argues that the trial court misconstrued Ind.Code § 8–17–14–1. According to Hurst this provision places a duty upon the county to remove growth along roadways so that it does not obstruct the view of motorists. He further contends that this activity must take place as often as reasonably necessary within the statutory time period set out in the provision.

In support of his argument appellant refers us to Ind.Code § 8–3–7–1 (Burns Code Ed.) and the case of *Johnson v. Baltimore & O.R. Co.* (7th Cir.1976) 528 F.2d 1313, interpreting that particular code section. This statutory provision places upon railroads the duty to remove weeds and vegetation from along their rights-of-way. In *Johnson* the plaintiff was struck by defendant's train. Johnson claimed he could not see the train coming as he approached the tracks because his view was obstructed by weeds along the right-of-way. The Seventh Circuit Court of Appeals held that while the primary duty imposed by the statute extended to contiguous landowners the breach of that duty was a cause of plaintiff's injury; thus, he could recover from the railroad.

■ This Court respectfully suggests that the Seventh Circuit Court of Appeals erred in its application of basic tort law principles. In order for a person to be liable for another's injury due to his acts, he must owe that person some duty of care. Regardless of causation liability arises out of duty. *Edler, Receiver v. Rutledge, Admx.* (1940), 217 Ind. 459, 27 N.E.2d 358; *Crouch v. Hall* (1980), Ind.App., 406 N.E.2d 303.

■ Under Ind.Code § 8–17–14–1 at issue the county has a duty to remove weeds and other obnoxious natural growth from along county roadways from June 15 to September 1 each year. It is important to

note that the time period mandated by the statute roughly corresponds to the growing season and places a duty on the county to remove these weeds prior to the peak pollinating season. Thus it appears the purpose of the statute is to reduce the spread of weeds and other obnoxious growth to surrounding farmland. In the *Johnson* case the Seventh Circuit Court of Appeals held a similar statute imposed such a duty on railroads for the benefit of surrounding landowners.

Further support for this construction may be found in the code. Ind.Code § 32–10–4–1 (Burns Code Ed.) imposes a duty on the state to trim natural growth along curves and intersections to prevent it from obstructing a motorist's view. This provision specifically applies only to intersections of *state highways* with other state highways, county or township highways, and railroads. No comparable provision is found under the articles applicable to maintenance of county roads. Had the Legislature intended that the counties have such a statutory duty, it would have included county intersections in the above-mentioned statutory provision or included a comparable provision under the article on county highways. Since the Legislature has failed to do so, this Court concludes that it was not its intent to create such a duty by enacting Ind.Code § 8–17–14–1.

Further, the statutory period prescribed in Ind.Code § 8–17–14–1 runs from June 15 to September 1, and appellant's accident occurred on October 1. Even if the statute did create a duty which extended to motorists, appellant's suit would be barred by operation of the statute. The county's duty to cut the weeds operates from June 15 to September 1. Since appellant's accident occurred on October 1, it owes him no duty under this statute for this additional reason. *Bd. of Comr's of Monroe Cty. v. Hatton* (1981), Ind.App., 427 N.E.2d 696, at 700 n. 4. Therefore, summary judgment was correctly granted the Board as a matter of law as it owes no duty to appellant under the statute.

Appellant next contends that summary judgment was improper on the factual issue of whether the county had cut the weeds. A resolution of this issue is unnecessary in terms of the duty owed appellant under the statute since he was not owed any duty. However, a discussion of this question is relevant to any common-law duty the county may have to clear growth from along the roadway for the benefit of motorists.

In its memorandum of opinion the trial court set out its support for summary judgment on factual grounds as follows:

"[T]he Court does believe that the statute 8–17–14–1 does place a duty upon the Commissioners and specifies how that duty may be met. The Court is convinced that the only evidence relating to the County's performance of its mowing obligation clearly shows that the road was mowed and that the County fulfilled its duty."

*Record* at 440.

The evidence upon which the trial court's decision is based consists of testimony, in the form of two affidavits, of Arthur Snider, Highway Superintendent of Pulaski County. In these affidavits Snider states that the weeds along County Roads 300 West and 700 North were mowed during the statutory period. However, Snider also makes the further statement:

"The intersection of CR 300 W & 700 N was mowed once in 1977. I do not know when it was mowed that year.... I can't really say for sure if 300 W and 700 N were mowed in 1977. There would be no way of telling. We did not keep a chart or record of which roads had been mowed that year. I think 300 W was probably mowed that year, because it is the first black top road going all the way north from highway 14. I never knew or seen a chart or record of what roads had been cut or mowed in this year, prior years or later years."

*Record* at 125A–126.

Statements in an affidavit must be based upon personal knowledge in order to be admissible. *Coghill v. Badger* (1982), Ind.App., 430 N.E.2d 405; *Whitaker v. St.*

*Joseph's Hospital* (1981), Ind.App., 415 N.E.2d 737; *Podgorny v. Great Central Ins. Co.* (1974), 160 Ind.App. 244, 311 N.E.2d 640. The court should disregard inadmissible statements when determining whether to grant or deny a summary judgment. *Cunningham v. Associates Cap. Ser. Corp.* (1981), Ind.App., 421 N.E.2d 681; *Pathman Const. Co., etc. v. Drum-Co Engin.* (1980), Ind.App., 402 N.E.2d 1.

■ In his affidavit Snider first states that he knows the weeds at issue were cut; he then goes on to admit he has no way of *personally* knowing whether the weeds were cut. Allowing such testimony to serve as the basis for summary judgment would contravene the purpose of Ind.Rules of Procedure, Trial Rule 56(E). Absent Snider's testimony there is no evidence before the court at the time of the hearing to support its conclusion that the county had mowed the weeds.[1] Therefore, summary judgment was improperly granted on this factual issue.

At the hearing appellant also forwarded the theory that the county had a common-law duty to remove obstructing growth from along roadways for the benefit of motorists. He contends the county failed to perform this duty and consequently maintained an inherently dangerous intersection causing the accident and his injury. The trial court did not agree and granted summary judgment for the Board on this issue also.

One of the bases for the court's grant of summary judgment was its determination that Ind.Code § 8–17–14–1 filled the field precluding any further duty on the part of the county. While the statute may fill the field as to the duty owed contiguous landowners, the county cannot assert that it precludes some other duty owed motorists at the same time without more express statutory language. The statute in no way precludes any concurrent obligations owed by the county to a different class of individuals by operation of statute or common law.

■ Many Indiana cases discuss the state's duty to maintain its highway system. The state has the burden of constructing, maintaining, and repairing its highways so they are reasonably safe for use by motorists. *State v. Ingram* (1981), Ind., 427 N.E.2d 444; *State v. Bouras* (1981), Ind. App., 423 N.E.2d 741; *State v. Thompson* (1979), Ind.App., 385 N.E.2d 198; *Indiana State Highway Com'n v. Clark* (1978), Ind. App., 371 N.E.2d 1323; *Elliott, Admx. v. State* (1976), 168 Ind.App. 210, 342 N.E.2d 674. These cases have established the state's liability for a variety of reasons including: faulty construction, design, or maintenance of curved sections of roadway; insufficient drainage of water from roadside ditches; and insufficient maintenance of intersections. Likewise counties and municipalities have the same duty of care over their roads within their jurisdiction and control. *City of Indianapolis v. Swanson* (1982), Ind.App., 436 N.E.2d 1179; *Yater v. Keil et al.* (1976), 170 Ind.App. 135, 351 N.E.2d 920; *Bd. of Comm'rs v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852; *Davis v. Bd. of Commr's Monroe Co.* (1971), 149 Ind.App. 451, 273 N.E.2d 551.

The Board argues that the county has no duty to remove vegetation from along its roadways. It points to the absence of any statutory provision or case law creating such a duty. However, this Court notes that prior to the above-cited cases there was no duty to perform any of the specific actions complained of in those cases.

---

1. An affidavit of Wayman Shidler was introduced in opposition to appellants' motion to correct error. Shidler stated that he had personal knowledge of the fact that the weeds at issue had been cut by the county because he had done the work as an employee of the County Highway Department. However, the evidence in this affidavit is inadmissible since it does not comply with the rules regarding newly discovered evidence. Surely this evidence could have been introduced at the hearing through the exercise of due diligence since Shidler was under the supervision and control of Arthur Snider who was aware of the issues involved in the litigation. *Ligon Specialized Hauler, Inc. v. Hott* (1979), Ind.App., 384 N.E.2d 1071; *Grenchik v. State ex rel. Pavlo* (1978), 175 Ind.App. 604, 373 N.E.2d 189; *Kelly v. Bunch* (1972), 153 Ind.App. 407, 287 N.E.2d 586.

In *Yater, supra,* similar issues were discussed by this Court. Yater, a passenger, sued the driver of a vehicle involved in a one-car accident on a county road. The driver of the vehicle argued that the county was liable and not he, because the accident was caused by running into a cement culvert hidden behind weeds along the edge of the roadway. Summary judgment was granted for the Board at trial. On appeal this Court held that the issue of whether the county had a duty to prevent weeds from obstructing a motorist's view of culverts and of whether that was an intervening cause of the accident presented a question of fact to be determined by the jury.

In the extant case the court had before it the testimony of Hurst who stated his view was obstructed by weeds along the side of the road. Also before the court was the testimony of Sheriff Riley who stated that the weeds would not obstruct the view of a motorist. This testimony clearly presents a factual question to be determined by a jury. Further, the issue of whether part of the county's duty of maintaining reasonably safe roads includes mowing weeds along the road is a question upon which reasonable minds might differ and therefore properly a matter for a jury. *Indiana State Highway Com'n v. Clark, supra; Yater v. Keil, supra; Elliott v. State, supra.* Also, a jury should be allowed to determine whether the county knew or should have known that the weeds were a problem, a prerequisite to liability. *Bd. of Comm'rs v. Briggs, supra.* Therefore, the trial court improperly granted summary judgment on the issue of the county's common-law duty to remove weeds from along the county roads.

In light of the Court's decision on the foregoing issues, a resolution of appellant's final issue is rendered unnecessary. For the reasons stated above the decision of the trial court is reversed and remanded for a new trial consistent with this opinion.

Reversed and remanded.

GARRARD and STATON, JJ., concur in result with opinion.

GARRARD, Judge, concurring in result.

I agree that IC 8–17–14–1 does not impose a duty upon the county which creates liability to this motorist-plaintiff. I also agree that a common law duty does exist concerning a dangerous intersection and that the materials before the court were insufficient to permit summary judgment. I therefore concur in the result reached.

STATON, Judge, concurring in result.

I concur in result but for different reasons than Judge Garrard. First, I do not think that it is accurate to conclude, as Judge Hoffman does in his opinion, that "In the *Johnson* case the Seventh Circuit Court of Appeals held a similar statute imposed such a duty on railroads for the benefit of surrounding landowners." What the Seventh Circuit actually held in *Johnson* was that even if the duty created by the statute was so limited, the instruction given at trial removed any argument regarding the possibility of such limitation. Its actual holding was as follows:

> "Finally B & O objects to an instruction that a violation of Indiana's weed-cutting statute, Burns' Ind.Stats. Annot. —Code Ed. 8–3–7–1 [55–3512] (1973), constitutes evidence of negligence. The statute requires the cutting and destruction of 'noxious weeds' growing on railroad property between July 1 to July 20 of each year. We find no harm in the instruction. While the statute *may* well have been primarily aimed at the spread of weeds and brush to contiguous land, the instruction required a finding not only that B & O had violated the statute but also that such violation appreciably contributed to Johnson's injuries. This removed any possible objection to the court's action in this regard." (My emphasis.)

*Johnson v. Baltimore & O.R. Co.* (7th Cir. 1976), 528 F.2d 1313, at 1316.

Secondly, Judge Hoffman's conclusion that "Ind.Code 32–10–4–1 (Burns Code Ed.) imposes a duty on the state to trim natural growth along curves and intersections to

prevent it from obstructing motorist's view." is questionable in light of the Fourth District's opinion in *Board of Com'rs of Monroe Cty. v. Hatton* (1981), Ind.App., 427 N.E.2d 696. Strictly applying the language of the statute, *Hatton* held that there was only a duty to trim the weeds down to five feet and not to whatever height is necessary to achieve visual safety for motorists. Judge Young, author of the *Hatton* opinion, wrote the following analysis:

"The statute, as originally enacted in 1891, specifically covered the cutting of hedge or other live fences. In 1891 visibility concerns were primarily focused upon the visibility of horses. In 1921 the statute was extended to cover 'other obstructions' and in 1933 'other natural growth.' No changes were made concerning the height requirement. In addition, I.C. 32–10–5–1 limits partition fences to 'a height of not to exceed five feet'. A fence of two feet or less would defeat the purpose of a fence. Therefore, to accept plaintiff's meaning would require elimination of live fences if they obstructed the view. If this were the legislative intent, they would have so stated. The language, used in its ordinary sense and consistent with other sections, indicates nothing more than a duty to cut any offending growth to five feet. The statute does not impose a duty to cut below five feet if necessary to open the view."

*Bd. of Com'rs of Monroe Cty., supra* at 703. If we follow Judge Young's analysis of the statute, there is no need to find a comparable statute for county highways as suggested by Judge Hoffman in his opinion.

I agree that whether the county has a common law duty to reasonably maintain safe roads for motorists is a question of law and not a question of fact for the jury. *Walters v. Kellam & Foley* (1977), 172 Ind. App. 207, 360 N.E.2d 199, 205. As Judge Sullivan points out in *Walters:*

"If a duty exists as a matter of law, it is generally within the province of the jury to determine whether under the precise facts of the case, the defendant's conduct

measured up to the legal standard of care required by the relationship."

*Walters, supra* at 205.