**Nedrey L. HOOK, Thelma Hook, Jon R. Havert and Diane R. Havert, Plaintiffs-Appellants,**

v.

**Claude A. CALDWELL and Loretta Warren, Defendants-Appellees.**

**No. 3–1180A349.**

Court of Appeals of Indiana, Fourth District.

Oct. 13, 1981.

Rehearing Denied Nov. 30, 1981.
See 428 N.E.2d 273.

Ronald E. James, M. Robert Benson, Sowers & Benson, Fort Wayne, for plaintiffs-appellants Nedrey L. Hook and Thelma Hook.

Joshua I. Tourkow, Tourkow, Danehy, Crell, & Rosenblatt, Fort Wayne, for plaintiffs-appellants Jon R. Havert and Diane R. Havert.

Donald R. Clifford, Clifford & Steele, Fort Wayne, for defendants-appellees.

CHIPMAN, Presiding Judge.

Nedrey L. Hook, his wife Thelma, and Jon R. Havert were injured in a multiple vehicle automobile accident. They sued Claude A. Caldwell and Loretta Warren, drivers of two of the vehicles involved. Caldwell filed a motion for partial summary judgment which the trial court granted. The sole issue in this appeal is whether the trial court erred in finding Mr. and Mrs. Hook and Officer Havert were contributorily negligent as a matter of law.[1]

We reverse.

## FACTS

The facts, viewed most favorably to the non-moving parties show that on September 5, 1977, Jon Havert, a policeman, and his partner were driving east on Taylor Street in Fort Wayne in search of a reported prowler. Havert pulled the police car over near the east side curb to investigate a house. Mr. Hook abruptly stopped his car behind Havert's car and the former's car was then struck in the rear by Caldwell's car.

After searching for the prowler, which only consumed a few minutes, Havert returned to the accident which his partner was handling. Havert and Mr. Hook walked between the Hooks' and Caldwell's cars to survey the damage and Mrs. Hook was doing the same from a vantage point more towards the side. At that time Warren drove her car into the rear of Caldwell's car pushing it forward into the Hooks' car which then hit the police car. Mr. and Mrs. Hook and Officer Havert all suffered serious personal injuries caused by the impact of Warren's car.[2]

Taylor Street at the scene of the accidents is 43 feet wide, has two westbound lanes and one eastbound lane. At various times during the day parking is allowed in the far east lane. On the evening of the accident the street was lit to some extent by street lights and lighting from the General Electric plant located nearby.

The Hooks and Havert sued Caldwell and Warren for their personal injuries and prop-

1. Caldwell additionally questions whether the Hooks' and Havert's briefs have complied with the requirement of Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) that alleged errors of the trial court be set forth with specificity. While not a model of clarity and specificity, we believe the statement of issue, set out below, is sufficient, especially when read in conjunction with the argument sections of the briefs.

"Is it error for the trial court to grant summary judgment in favor of defendant Caldwell when there exists disputed issues of material fact and finding, as a matter of law, that defendant Caldwell is not liable to the plaintiffs for any damages incident to and arising out of the second of two vehicular collisions complained of below."

2. Caldwell and Warren were both intoxicated at the time of the collisions.

erty damage.[3] Caldwell moved for partial summary judgment on the issue of his liability for the injuries and damages to the Hooks and Haverts resulting from Warren's collision with his car.

The trial court found that after Caldwell had collided with the Hooks' car a second collision could reasonably have been foreseen by the Hooks and Jon Havert. It ruled no genuine issue of material fact existed with regard to Caldwell's liability since the Hooks and Havert placed themselves in a perilous position which would have been evident to a reasonably prudent person; their conduct proximately caused their injuries; and they were contributorily negligent as a matter of law.

## PLAINTIFFS' CONTRIBUTORY NEGLIGENCE

Under Ind. Rules of Procedure, Trial Rule 56(C), the burden is on the party moving for summary judgment to show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. For the purpose of this motion, we are required to take the facts set forth by the non-moving party as true and to resolve all doubts against the party seeking summary judgment. *Stapinski v. Walsh Construction Co., Inc.*, (1979) Ind., 395 N.E.2d 1251.

Since this motion requested a partial summary judgment the trial court was also required by T.R. 56 to designate the issues or claims upon which it found no genuine issue as to any material fact but "[t]here is no specific requirement in TR 56 that the legal basis relied on by the trial court in granting summary judgment be specifically stated." *Ahnert v. Wildman*, (1978) Ind. App., 376 N.E.2d 1182, 1189. Nonetheless, in rendering its ruling on the motion the trial court did include the legal basis it relied upon, most probably in an effort to aid us in our appellate review. The court

specifically found Caldwell not liable (as opposed to not negligent) due to the Hooks' and Havert's contributory negligence.[4] Therefore, in order for us to affirm this judgment we must find no questions of fact existed concerning whether Mr. and Mrs. Hook's and Mr. Havert's actions constituted contributory negligence.

"The prevailing Indiana rule is that contributory negligence is generally a question of fact for the jury to determine where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law.

"The Supreme and Appellate Courts have many times recognized the test for 'negligence as a matter of law' to be that negligence which is so clear and palpable that no verdict could make it otherwise.

"In applying this test both the Supreme and Appellate Courts have adopted the rule that the voluntary conduct of one exposing himself to dangers which are so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them is negligence as a matter of law." (citations omitted)

*Stallings v. Dick*, (1965) 139 Ind.App. 118, 210 N.E.2d 82, 86. In *Stallings* the plaintiff stood on the rear bumper of an automobile with nothing to hold onto while a truck pushed the automobile in an attempt to get it started. The plaintiff fell off the bumper and was run over by the truck. The Appellate Court reversed the judgment in favor of the plaintiff and against the truck driver since it found the plaintiff's actions constituted contributory negligence as a matter of law.

More recently in *Smith v. Diamond*, (1981) Ind.App., 421 N.E.2d 1172, this court

---

3. Mrs. Havert has brought a claim for loss of consortium.

4. The trial court's opinion does not address whether there was a genuine issue as to any material fact concerning negligence or the absence of negligence on Caldwell's part in relation to the second collision. Since that issue is not properly before us we will also not address it.

found a twelve-year-old contributorily negligent as a matter of law when he entered a street without looking to his right, the direction from which he was eventually struck by an oncoming automobile.

In these two cases the voluntary conduct of the plaintiffs exposed them to dangers which were so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them. The same can not be said for our case.

*At a minimum* we believe a genuine issue exists as to whether the actions of Mr. and Mrs. Hook and Officer Havert constituted contributory negligence. We do not believe it can be said as a matter of law that reasonable men would not stand between two automobiles that were essentially situated no differently than two cars parked legally on the street. Although it is true the second collision occurred in substantially the same manner as the first, a party has the right to assume others who owe him a duty of reasonable care will exercise such care unless the party has notice to the contrary. *Smith v. Insurance Company of North America,* (1980) Ind.App., 411 N.E.2d 638. We do not believe that just because one drunk driver crashed into the rear of the Hooks' car the injured parties were put on notice that the other cars using Taylor Street would also not exercise the duty of reasonable care owed to them.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

MILLER and YOUNG, JJ., concur.