Nedrey L. HOOK, Thelma Hook, Jon R. Havert and Diane R. Havert, Plaintiffs-Appellants,

v.

Claude A. CALDWELL and Loretta Warren, Defendants-Appellees.

No. 3–1180A349.

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1981.

Ronald E. James, M. Robert Benson, Sowers & Benson, Fort Wayne, for plaintiffs-appellants Nedrey L. Hook and Thelma Hook.

Joshua I. Tourkow, Tourkow, Danchy, Crell & Rosenblatt, Fort Wayne, for plaintiffs-appellants Jon R. Havert and Diane R. Havert.

Donald R. Clifford, Clifford & Steele, Fort Wayne, for defendants-appellees.

## ON APPELLEE'S PETITION FOR REHEARING

CONOVER, Judge.

Our decision in this cause was handed down on October 13, 1981, cause number 3–1180 A 349, Ind.App., 426 N.E.2d 708. In that opinion we reversed the trial court's determination which granted defendant's motion for summary judgment. In a case involving a multi-car collision, the trial court found the plaintiffs Mr. and Mrs. Hook and Officer Havert contributorily negligent as a matter of law. We reversed and remanded, holding that issue was one properly for jury determination. Defendant-appellee Caldwell has petitioned this court for rehearing.

## THE PETITION FOR REHEARING

■ We deny Caldwell's petition for rehearing. We find there were substantial questions of fact material to the ultimate resolution of the issue of contributory negligence. These questions should have been resolved by a jury.

■ Caldwell argues in his petition this court erred in holding a genuine issue of fact existed as to whether the actions of the plaintiffs constituted contributory negligence. On a motion for summary judgment the trial court must determine whether a genuine issue of material fact exists. The court will consider as true all facts alleged by the nonmoving party and will resolve all doubts against the moving party. *Suyemasa v. Myers*, (1981) Ind.App., 420 N.E.2d 1334, 1342. Even if there is no factual dispute, summary judgment should not be granted if the facts give rise to conflicting inferences. *Clayton v. Penn Central Transportation Co.*, (1978) Ind.App., 376 N.E.2d 524.

■ Even though the trial judge is of the opinion he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented. *Yater v. Keil*, (1976) 170 Ind.App. 135, 351 N.E.2d 920.

■ The question of contributory negligence is a question of fact for the jury. Only when it can be said as a matter of law that no reasonable man could have acted as the plaintiffs did under the circumstances does the issue of contributory negligence become an issue to be decided by the court. *State v. Thompson*, (1979) Ind.App., 385 N.E.2d 198, 208.

The car of plaintiffs Nedrey and Thelma Hook was hit from behind by the car of defendant Caldwell. While surveying the damages they and co-plaintiff Officer Havert placed themselves between the Hook and Caldwell vehicles. A second car then collided with the Caldwell car, pushing it forward and injuring the plaintiffs. Both Caldwell and the second driver were driving while intoxicated. Caldwell claimed in his motion for summary judgment that the plaintiffs were contributorily negligent in positioning themselves between the two vehicles.

This court does not feel the actions of the police officer and Mr. and Mrs. Hook were so patently dangerous that no reasonable man would have acted similarly. Rather, the reasonableness of plaintiffs actions and the foreseeability of danger as a result of those actions should have been determined by a jury.

Caldwell says because we have determined plaintiffs-appellants were not charged with forseeability as a matter of law, that same standard should apply to Caldwell. From that point he further argues we should order the trial court to enter judgment in his favor.

It is a long trip from this court's decision to Caldwell's view of this case. To put the matter specifically, the questions of negligence, contributory negligence, proximate and intervening cause are to be decided by an appropriately-instructed jury, both as to plaintiffs-appellants *and* defendant-appellee Caldwell.

We therefore affirm our original holding. The petition for rehearing is denied.

MILLER, P. J., and YOUNG, J., concur.