Jon R. HAVERT and Diane R. Havert,
Nedrey Hook and Thelma
Hook, Appellants,

v.

Claude CALDWELL and Loretta
Warren, Appellees.

No. 883S301.

Supreme Court of Indiana.

Aug. 18, 1983.

Rehearing Denied Oct. 27, 1983.

Joshua I. Tourkow, Tourkow, Danehy, Crell & Rosenblatt, Fort Wayne, for appellants Jon R. Havert and Diane R. Havert.

M. Robert Benson, Ronald E. James, Sowers & Benson, Fort Wayne, for appellants Nedrey Hook and Thelma Hook.

Donald R. Clifford, Clifford & Steele, P.C., Fort Wayne, for appellees.

GIVAN, Chief Justice.

This case commenced in the Allen Superior Court by Nedrey and Thelma Hook, naming Claude Caldwell and Loretta Warren as defendants. Subsequently Jon and Diane Havert joined in the action as plaintiffs. There was a change of venue from the county to Noble Circuit Court. The complaint was based on the occurrence of a multiple car accident involving all of the parties except Mrs. Havert in Fort Wayne.

Caldwell moved for partial summary judgment, and the trial court granted his motion. The appellants Hooks and Haverts appealed to the Indiana Court of Appeals. In *Hook v. Caldwell,* (1981) Ind.App., 426 N.E.2d 708, the Court reversed the trial court's grant of partial summary judgment and remanded the case for further proceedings. In *Hook v. Caldwell,* (1981) Ind.App., 428 N.E.2d 273, the Court denied Caldwell's Petition for Rehearing by written opinion. Caldwell now petitions this Court for transfer under Ind.R.App.P. 11(B).

We grant Caldwell's Petition to Transfer, vacate the opinions of the Court of Appeals in this case, and remand this case to the trial court for proceedings not inconsistent with this opinion.

The facts giving rise to this action were summarized by Judge Chipman in the first reported opinion in this case. We adopt that statement of facts as our own, as follows:

"The facts, viewed most favorably to the non-moving parties show that on September 5, 1977, Jon Havert, a policeman, and his partner were driving east on Taylor Street in Fort Wayne in search of a reported prowler. Havert pulled the police car over near the east side curb to investigate a house. Mr. Hook abruptly stopped his car behind Havert's car and the former's car was then struck in the rear by Caldwell's car.

"After searching for the prowler, which only consumed a few minutes, Havert returned to the accident which his partner was handling. Havert and Mr. Hook walked between the Hooks' and Caldwell's cars to survey the damage and Mrs. Hook was doing the same from a vantage point more towards the side. At that time Warren drove her car into the rear of Caldwell's car pushing it forward into the Hooks' car which then hit the police car. Mr. and Mrs. Hook and Officer Havert all suffered serious personal

injuries caused by the impact of Warren's car."

Taylor Street is forty-three feet wide in the block in which the accidents occurred. The eastbound lane in which the accidents occurred is twenty-one feet wide. It was further established that at the time the two accidents occurred, nearly 11:00 P.M., parking was permitted in the curbside lane of the eastbound lane of Taylor Street, *i.e.,* the lane in which the collisions occurred, although at the time there were no cars other than those involved in the accidents parked in that lane in that block of the street.

Caldwell's Motion for Partial Summary Judgment was premised on alternative theories as to why as a matter of law he was entitled to a judgment in his favor. First, he contended the Hooks and Havert were contributorially negligent by voluntarily stationing themselves between the Hooks' and Caldwell's vehicles, that by doing so they were placing themselves in a position of great peril such that if the latter car was impelled forward by, for example, another car colliding with it from the rear, they would be pinned in between the two and injured. Second, he offered that he was entitled to judgment on the theory his negligence, if any, had no more effect than to create a condition by which subsequent injury attributable to the intervening act of Warren occurred, that the condition he created was not one from which the subsequent intervening act of Warren could reasonably be foreseen or anticipated, and therefore his act was not the proximate cause of the plaintiffs' injuries.

The trial court granted Caldwell's motion on the basis of the first theory offered in support thereof, that the Hooks and Havert were contributorially negligent. However, the Court of appeals held the trial court erred in doing so:

"At a *minimum* we believe a genuine issue exists as to whether the actions of Mr. and Mrs. Hook and Officer Havert constituted contributory negligence. We do not believe it can be said as a matter of law that reasonable men would not stand between two automobiles that were essentially situated no differently than two cars parked legally on the street. Although it is true the second collision occurred in substantially the same manner as the first, a party has the right to assume others who owe him a duty of reasonable care will exercise such care unless the party has notice to the contrary. *Smith v. Insurance Company of North America,* (1980) Ind.App., 411 N.E.2d 638. We do not believe that just because one drunk driver crashed into the rear of the Hooks' car the injured parties were put on notice that the other cars using Taylor Street would also not exercise the duty of reasonable care owed to them." (Emphasis in original.) *Hook v. Caldwell, supra,* 426 N.E.2d at 711.

Ind.R.Tr.P. 56 provides for the motion for summary judgment. The rule provides in pertinent part:

"(B) *For defending party—When motion not required.* A party against whom a claim, counterclaim, or cross-claim is asserted . . . may, at any time, move . . . for a summary judgment in his favor as to all or any part thereof. * * *

"(C) *Motion and proceedings thereon.* * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence." *Id.*

■ Though the Hooks and Haverts claim otherwise, we find at the time of the motion there were no material issues of fact in dispute. There was no dispute as to the layout of Taylor Street at the time of the accidents. It had been conclusively established that the street was wide enough to

accommodate two cars traveling abreast in the eastbound lane, and that at the time of the accidents all four cars were in the curbside lane in which both parking and driving were permitted. We would note in this regard the assertions of the appellees Hooks and Haverts that there were disputes as to material issues of fact. But we find none of these disputes of fact are disputes over *material* issues of fact insofar as they relate to Caldwell's liability *vis a vis* the plaintiffs. Though there was a dispute between the parties as to the operational status of the taillights of Caldwell's car when Warren ran into it, this is not a disputed issue of material fact in light of the fact there was no dispute that Caldwell's car was in a legal parking lane when Warren ran into it. A fact is material for purposes of ruling on a motion for summary judgment when its existence facilitates resolution of any of the issues involved. *Carrow v. Streeter,* (1980) Ind.App., 410 N.E.2d 1369.

■ Before turning to the substantive law of negligence as it applies in this case, we call attention to the rule that on appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record. *Thornton v. Pender,* (1978) 268 Ind. 540, 377 N.E.2d 613; *Fort Wayne Patrolmen's Benevolent Association, Inc. v. City of Fort Wayne,* (1980) Ind.App., 408 N.E.2d 1295. This rule applies to the grant of a motion for summary judgment when, even though the grant of the motion is not sustainable on the theory reflected in the trial court's findings of fact and conclusions of law it is sustainable, on the basis of the substantive law, on another theory. *Fort Wayne Patrolmen's Benev. Ass'n., Inc. v. Fort Wayne, supra.* This is particularly true where the parties have addressed themselves to the merits of the theory on which the judgment is ultimately sustained. *See also* Ind.R.App.P. 15(N).

■ Turning to the substantive law of negligence, and remembering that the trial court's grant of partial summary judgment in this case was premised on the supposed contributory negligence of the Hooks and Havert, we first find the trial court's ruling

on that basis was incorrect. Contributory negligence of the plaintiff is conduct on his part that is a legally contributing cause cooperating with the negligence of the defendant and which falls below the standard to which he is required to conform for his own protection. *Memorial Hospital of South Bend, Inc. v. Scott,* (1973) 261 Ind. 27, 300 N.E.2d 50; *Huey v. Milligan,* (1961) 242 Ind. 93, 175 N.E.2d 698.

■ We find Caldwell's argument that the Hooks and Havert were contributorially negligent by standing between the two cars, such that in the event the latter vehicle was struck from behind by another car they would be pinned in between the two, is unpersuasive. The authorities he cites in support of this conclusion are not controlling. In *Phillips v. Croy,* (1977) 173 Ind. App. 401, 363 N.E.2d 1283, the injured plaintiff was found to be contributorially negligent when he was standing between two stopped trucks, one of which was struck by an oncoming car, and he, like the Hooks and Havert in the case at bar, was pinned between the two. However, in that case the two stopped vehicles were in the driving lane of a two lane road. In this case, the undisputed fact is that the Hooks and Havert were standing between two vehicles in a lane *in which parking was legally permitted at the time of the accident.* This difference in facts alone is sufficient to distinguish the case at bar from the *Phillips* case. In this case it cannot be said as a matter of law that the Hooks and Havert failed to "exercise that degree of care that an ordinary reasonable man would exercise in like or similar circumstances." *Memorial Hospital of South Bend, Inc. v. Scott, supra,* 261 Ind. at 36, 300 N.E.3d 56. Likewise, in *Hedgecock v. Orlosky,* (1942) 220 Ind. 390, 44 N.E.2d 93, the same factual distinction exists. Injury occurred to the plaintiff when he was standing between his and another vehicle and the last one in line was struck by a third vehicle, pinning him between the two. He was found to be contributorially negligent by positioning himself between the two vehicles. But as in *Phillips v. Croy, supra,* the two stopped

vehicles were situated in the driving lane of the road.

■ This brings us to the propriety of the grant of Caldwell's Motion for Partial Summary Judgment on the theory Caldwell's act did no more than create a condition leading to the plaintiffs' injuries, and that the intervening and superseding cause of the injury was the act of Warren by driving into the rear of Caldwell's vehicle. An indispensable element of an action for negligence is that the act complained of must be the proximate cause of the accident producing the injury. *See generally* 21 I.L.E. *Negligence* § 62 (1959); 57 Am. Jur.2d *Negligence* § 128 (1971). This proposition is clearly supported by Indiana case law. *See, e.g., Palace Bar, Inc. v. Fearnot,* (1978) 269 Ind. 405, 381 N.E.2d 858; *Hartman v. Memorial Hospital of South Bend,* (1978) 177 Ind.App. 530, 380 N.E.2d 583. In *Bridges v. Kentucky Stone Company, Inc.,* (1981) Ind., 425 N.E.2d 125, 127, we stated: "[A] negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated." Other cases are supportive of this rule. *See, e.g., Koroniotis v. LaPorte Transit, Inc.,* (1979) Ind.App., 397 N.E.2d 656; *Honey Creek Corporation v. WNC Development Company,* (1975) 165 Ind.App. 141, 331 N.E.2d 452. *See also* 21 I.L.E. *Negligence* § 61 (1959); 57 Am.Jur.2d *Negligence* § 128.

■ Certainly it may be said that in the case at bar Caldwell's act of colliding with the Hooks' car set in motion the chain of events that ended in the sustaining of the injuries to the Hooks and Havert. However, the authorities are clear that where the negligent actor's act or omission has the effect of setting in motion the chain of events leading to the injury, the key to holding that act or omission to be the proximate cause of the injury is that the ultimate injury be one that was foreseen, or reasonably should have been foreseen, as the natural and probable consequence of the act or omission. *See generally* 21 I.L.E.

*Negligence* §§ 64, 65 (1959); 57 Am.Jur.2d *Negligence* § 132 (1971). Our case law recognizes this important limitation in determining whether the actor's act or omission is the proximate cause of the injury complained of. *See, e.g., Johnson v. Bender,* (1977) 174 Ind.App. 638, 369 N.E.2d 936; *Honey Creek Corp. v. WNC Development Co., supra.*

■ This requirement of foreseeability as to the ultimate injury causing occurrence as a result of earlier conduct or failure to act is directly related to the rule that an intervening cause may serve to cut off the liability of one whose original act or omission sets in motion the chain of events or circumstances leading to an injury. An accurate statement of the general principle and explanation of the relationship of the doctrine of intervening cause to the foreseeability requirement is set forth in 21 I.L.E. *Negligence* § 67, at 330–33 (1959), from which we quote:

"An intervening cause, with respect to the doctrine of proximate cause, means, not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm or the immediate and direct cause of the injury; and where the cause of an injury or death is the negligent act of an independent responsible intervening agency, such act must be regarded as the proximate cause thereof and the original negligence considered as only the remote cause.

"Where there is an original wrongful act of defendant and an intervening act of a third person, a fundamental test in determining defendant's liability for his wrongful act is the test of foreseeability of the resultant injury, and where the question of an independent intervening agency is involved, one who is charged with negligence cannot be held responsible for the result of such negligence, unless some type of injury and the intervention of the independent agency should have reasonably been anticipated. Similarly stated, where there is an independent responsible agency intervening be-

tween the defendant's negligence and the injury, the question whether the original negligence is the proximate cause of the injury is to be determined by whether the agency might have been reasonably expected under the circumstances to intervene in such a way as to be likely to produce an injury similar to the one actually caused.

"Accordingly, if harm is a natural, probable, and foreseeable consequence of the first negligent act or omission, the original wrongdoer may be held liable even though other independent agencies intervene between his negligence and the ultimate result. Generally, where harmful consequences are brought about by intervening and independent forces, the operation of which might have been reasonably foreseen, then the chain of causation extending from the original wrongful act to the injury is not broken by the intervening and independent forces, and the original wrongful act will be treated as a proximate cause; but, if the new independent intervening force was not reasonably foreseeable at the time of the actor's wrongful conduct, the consequences, ordinarily, are not caused by the original wrongful act." (Footnotes omitted.)

Applying these general principles to Caldwell's Motion for Partial Summary Judgment, we find his argument compelling. Considering all the circumstances, Caldwell's act cannot as a matter of law be held to be the proximate cause of the injuries of the Hooks and Havert due to the unforeseeability of the subsequent act of Warren. The key fact or circumstances in this case leading to this conclusion is the same undisputed fact that would appear to preclude a finding that the plaintiffs were contributorially negligent: The cars were all aligned completely within a legal parking lane of Taylor Street when both collisions occurred. It cannot be held Caldwell reasonably should have foreseen that a drunken driver, Warren, would come driving through the same lane of traffic in which parking was permitted and collide with his vehicle already situated in that lane in the same manner as any legally parked car would have been.

An earlier decision of the Court of Appeals, *Slinkard v. Babb,* (1954) 125 Ind.App. 76, 112 N.E.2d 876 (rehearing denied in 125 Ind.App. 76, 117 N.E.2d 564) (transfer denied), is controlling in this regard. In that case the plaintiff Slinkard was driving across a bridge over the Ohio River when Babb, who was driving behind him, collided with the rear of Slinkard's car and propelled it into the rear of the car in front of Slinkard. All three cars stopped and the drivers emerged to assess the damage to the cars. At this point all three cars were in a driving only lane of the bridge. Slinkard stepped behind the rear of his car and in front of Babb's when another driver, Wilson, collided with the rear of Babb's car and propelled it forward, pinning Slinkard between the two cars. The Court of Appeals held the trial court's entry of a directed verdict in favor of Babb was proper. The Court stated:

"It could not have been reasonably foreseeable that Babb's conduct would result in the chain of events which caused [Slinkard's] injury, nor could the acts of appellee Wilson ... have been anticipated. The acts of Wilson constituted an intervening force which broke the chain of causation between Babb's conduct and the injuries of [Slinkard]." *Id.* at 87, 112 N.E.2d at 880.

In the *Slinkard* case, the act of Babb in setting in motion the chain of events leading to Slinkard's injuries was held not to be the proximate cause of the injuries because of the unforeseeability of Wilson's intervention.

The Petition to Transfer of appellee Claude Caldwell is granted. The opinions of the Court of Appeals reported at 426 N.E.2d 708 and 428 N.E.2d 273 are vacated. The trial court's grant of Caldwell's Motion for Partial Summary Judgment is affirmed. The cause is remanded for further proceedings not inconsistent with this opinion. In so doing, however, we do not foreclose any future adjudication of possible contributory

negligence based on any theories upon which our decision does not rest.

All Justices concur.