**Lindsey CARTER,
Respondent-Appellant,**

v.

**Audrey DEC (Carter),
Petitioner-Appellee.**

No. 4–984 A 262.[1]

Court of Appeals of Indiana,
First District.

June 19, 1985.

Publication Ordered July 15, 1985.

Judge.

Itsia D. Rivera, Rivera, Schlesinger & de la Torre, East Chicago, for respondent-appellant.

John M. Sedia, Tweedle & Sedia, Highland, for petitioner-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Lindsey Carter appeals the denial of his visitation rights. We affirm.

2. Lindsey challenges the court's determination that Audrey is not required to transport Crystal

## FACTS

Lindsey and Audrey were married in 1981. On June 29, 1981, Lindsey and Audrey had a daughter, Crystal. Eleven months later Lindsey was charged with dealing in controlled substances. A jury convicted him and he began serving a 25 year sentence at Indiana State Prison in Michigan City in May 1982.

For a period of time, Audrey would visit Lindsey at the prison and on occasion would bring Crystal with her. Visitation took place in a large room with several inmates and their families. Two guards remained in the visitation room but would normally not interfere with the visitation and limited contact between family and prisoner was permitted. Lindsey would on occasion hold Crystal and hold hands with Audrey. The State Prison's procedure for such visitation involved a "pat-down" search of every visitor including Crystal and Audrey.

After June 1983, Audrey ceased making visits but continued to write to Lindsey. In November 1983 Audrey filed for divorce. The last contact Audrey initiated with Lindsey was a Christmas card sent in December 1983.

On March 28, 1984, the court entered an order dissolving the marriage and granting Audrey custody of Crystal. In the mean time, Audrey had petitioned the court to deny Lindsey visitation rights. On April 16, 1984, with both Audrey and Lindsey present and represented by counsel, the court held a hearing on the visitation issue. The trial judge entered special findings, concluding that visitation between Lindsey and Crystal would not be in Crystal's best interest. Lindsey appeals.

## ISSUES

■ On review we find it necessary to address only one of the three issues presented by appellant for our review.[2]

at her own expense. However, in his motion to correct errors Lindsey stated that he never in-

Whether the conclusion of the trial court that it is not in the best interest of Crystal at this time and would endanger her physical and emotional development to be taken by strangers away from her mother, to visit her father in the hostile environment in the Indiana State Prison is supported by the evidence in the record.

## DISCUSSION AND DECISION

■　A non-custodial parent's right to visitation is statutorily protected. "Visitation. —(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent might endanger the child's physical health or significantly impair his emotional development." Indiana Code section 31–1–11.5–24(a). In compliance with Ind.Code § 31–1–11.5–24(a) the trial judge made a specific finding that visitation would not be in Crystal's best interest. He concluded visitation would endanger Crystal's physical health and emotional development. Record at 38.

When reviewing a trial court's determination concerning visitation by a non-custodial parent we may reverse only on a showing of a manifest abuse of the trial judge's discretion. *In re Julien* (1979), Ind.App., 397 N.E.2d 651.

"Such an abuse of discretion will not be found unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Our function on appeal is 'to examine the decision of the trial court and determine whether the record discloses evidence or reasonable inferences to be drawn therefrom which serve as a rational basis to support the finding of the trial court.' We will not reweigh the evidence or

judge the credibility of the witnesses. [Citations omitted.]"

*K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749, 755. Lindsey contends the evidence does not support the trial judge's decision. We disagree.

■　During the hearing on visitation Audrey testified concerning visits she had made with Crystal when Lindsey was first imprisoned. The record reveals Crystal did not always react favorably during visitation. Contrary to the appellant's statement of facts in his brief, the visits would many times have a negative effect on Crystal. Cross examination of Audrey revealed the following:

"Q. During the visits that Mr. Carter had with Crystal and with yourself, they were very pleasant visits were they not?

"A. I guess you could say that.

"Q. And Crystal enjoyed them.

"A. Sometimes.

"Q. She would hang all over her daddy, would she not?

"A. Sometimes.

Quite a few times she was afraid to go by him and she didn't like being in that room, she cried a lot, too."

Record at 55–56. This testimony supports a conclusion that even under the best possible circumstances where Crystal was accompanied by her mother to the prison, the visits were, at times, upsetting to Crystal. With the divorce of Lindsey and Audrey, the proposed arrangement for visitation involved Crystal being taken to the prison by strangers. Furthermore, Lindsey last saw Crystal when she was two. At the time of the hearing she was over three years old. Audrey testified that Crystal no longer recognized her father in photographs. Since the evidence showed past visits under the most favorable conditions were at times upsetting to Crystal, the trial judge acted within his discretion in finding that visits

---

tended Audrey to bear the cost of transportation. Now, on appeal, he asserts that she is responsible for transportation arrangements. We do not address this issue because the error assigned on appeal is not the same as that presented in the motion to correct error. *Akins v. State* (1981), Ind., 429 N.E.2d 232, 237. Lind-

sey also challenges the trial court's decision that his proposal for transportation of Crystal to Michigan City was inadequate. Since we affirm the conclusion that the visits themselves were harmful we need not address the side issue of transportation.

under much less favorable conditions would not be in Crystal's best interest.

Lindsey places much emphasis on *McCurdy v. McCurdy* (1977), Ind.App., 363 N.E.2d 1298, where we reversed the trial court finding nothing in the record to support denying an incarcerated father visitation with his children. In *McCurdy* the trial court's decision was mainly based on the mother's speculation that having her children visit their father in jail and thus knowing their father was a criminal would have a detrimental affect on them. This court found such reasons insufficient to support a denial of visitation. The evidence in this case reveals the judge's decision was not based solely on the fact that Lindsey is incarcerated. Past visits had a manifested negative affect on Crystal and the evidence supported an inevitable inference that future visits would be equally negative or possibly even more detrimental to Crystal's emotional and physical health. Therefore, *McCurdy* is readily distinguishable.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.