**Sheryl WIXOM, Administratrix of the Estate of Charles Wixom and Sheryl Wixom, Appellants (Plaintiffs Below),**

v.

**The GLEDHILL ROAD MACHINERY COMPANY, Appellee (Defendant Below).**

**No. 41A04–8703–CV–70.**

Court of Appeals of Indiana, Fourth District.

Oct. 19, 1987.

Rehearing Denied Nov. 30, 1987.

Richard D. Schreiber, Schreiber & Sevenish, Indianapolis, for appellants.

G. Ronald Heath, Johnson Smith Densborn Wright & Heath, Indianapolis, for appellee.

CONOVER, Judge.

Sheryl Wixom on her own behalf and as administratrix of the estate of Charles Wixom (Wixom) appeals the entry of summary judgment in favor of the Gledhill Road Machinery Company (Gledhill) in a suit for her personal injuries and his death resulting from their automobile's collision with one of Gledhill's snowplow blades.

We affirm.

## ISSUES

This appeal presents the following issues: [1]

1. whether Gledhill's allegedly wrongful act only became "operative" at the time of impact, and

2. whether the colliding driver's negligence was an intervening cause of such injuries and death which cut off Gledhill's liability, if any.

## FACTS

The operative facts are not in dispute. In December, 1983, the Wixoms were driving their car northbound on State Highway 135 in Johnson County traveling approximately 30 miles per hour. The roads were icy. Bobby D. Waltz's (Waltz) automobile struck the Wixom car in the rear causing it to skid out of control across the highway's center line. As it did so, the Wixom car turned in a half circle so as to present its passenger side to a southbound Indiana State Highway truck with a snowplow blade manufactured by Gledhill attached. In the ensuing collision, one of the blade's edges cut through the structural portions of the Wixom car and entered the passenger compartment. As a result, Charles was killed and Sheryl seriously injured.

## DISCUSSION AND DECISION

When reviewing the grant of a motion for summary judgment, we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. Therefore, we consider the same matters as it does. *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 163. The burden is on the moving party in a summary judgment motion to establish the lack of any genuine issue of material fact. *Ancich v. Mobil Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320, 1322, *reh. denied.*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306.

### I.

Wixom takes issue with the trial court's statement appearing in its order granting summary judgment which reads

It was the intervening act of the car behind the Wixom's which was the Proximate Cause of the Wixom's injuries and death, superseding the liability of Defendant's blade construction.

(R. 55). Wixom says the trial court erred because the allegedly defective condition of the snowplow blade only became "operative" when the Wixom car struck the snowplow blade's edge after Waltz negligently rear-ended the Wixom car. Thus, no negligent act intervened between Gledhill's wrongful act and the Wixoms's injuries and death, Wixom claims. We disagree.

Indiana has codified products liability law. In *Hinkle v. Niehaus Lumber Co.* (1987), Ind.App., 510 N.E.2d 198, we said

IC 33-1-1.5-3 imposes liability upon a seller who puts a defective product into the stream of commerce which is unreasonably dangerous to any user or consumer or to his property for physical harm caused by the product if such harm was foreseeable, the product is expected to and does reach such person without substantial alteration, and the defect causes physical harm.

*Hinkle*, 510 N.E.2d at 201. The thrust of Wixom's claim of liability is Gledhill's snowplow blade was defective because no torus segments were placed on the blade's edges during its manufacture. Indiana

---

**1.** Wixom also attempted to raise an additional issue, namely, there are disputed issues of fact as to whether Gledhill's alleged negligence proximately enhanced the Wixoms's injuries which otherwise would have been relatively minor. Because this issue was not raised in the motion to correct errors, it is waived. *Atkins v. State* (1981), Ind., 429 N.E.2d 232, 237; *Carter v. Capital DEC* (1985), Ind.App., 480 N.E.2d 564, 565, n. 2; *Wallace v. Indiana Insurance Company* (1981), Ind.App., 428 N.E.2d 1361, 1367; *Bedree v. Sandler & Sandler* (1981), Ind.App., 426 N.E.2d 707, 708.

only imposes liability upon manufacturers who place defective products into the stream of commerce. Gledhill's liability, if any, only could have become "operative" at the time it placed such product into the stream of commerce, not afterward. Gledhill was not in actual or constructive possession or control of its snowplow blade at the time the accident here involved occurred. Thus, the trial court correctly determined Waltz's negligent rear-ending of the Wixom vehicle was an act intervening between Gledhill's allegedly wrongful act and the Wixoms's injuries and death.

We find no error here.

### II.

█ Next, Wixom argues the trial court erred in determining Gledhill's act merely created a condition whereby injury was made possible by Waltz's subsequent injury-producing one. Because Waltz's rear-ending of the Wixom auto was foreseeable by Gledhill, its liability is not cut off by Waltz's intervening act, Wixom theorizes. Again, we disagree.

As this Court has said

When a defendant's negligence merely creates a condition by which the subsequent injury-producing acts of another are made possible, the existence of the first condition cannot be the proximate cause of the injury.

*Crull v. Platt* (1984), Ind.App., 471 N.E.2d 1211, 1215; *Galbreath v. Engineering Construction Corp.* (1971), 149 Ind.App. 347, 273 N.E.2d 121, 127. Further, our Supreme Court, quoting 26 I.L.E. *Negligence* § 67, at 330–333 (1959), recently said

"... [W]here the cause of an injury or death is the negligent act of an independent responsible intervening agency, such act must be regarded as the proximate cause thereof and the original negligence considered only the remote cause. ... [W]here there is an independent responsible agency intervening between the defendant's negligence and the injury, the question whether the original negligence is the proximate cause of the injury is to be determined by whether the agency might have been reasonably ex-

pected under the circumstances to intervene in such a way as to be likely to produce an injury similar to the one actually caused.

"Accordingly, if harm is a natural, probable, and foreseeable consequence of the first negligent act or omission, the original wrongdoer may be held liable even though other independent agencies intervene between his negligence and the ultimate result. Generally, where harmful consequences are brought about by intervening and independent forces, the operation of which might have been reasonably foreseen, then the chain of causation extending from the original wrongful act to the injury is not broken by the intervening and independent forces, and the original wrongful act will be treated as a proximate cause; but, if the new independent intervening force was not reasonably foreseeable at the time of the actor's wrongful conduct, the consequences, ordinarily, are not caused by the original wrongful act." (Footnotes omitted.)

*Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 158–59. Thus, the question becomes whether or not Waltz's rear-ending of the Wixom auto was reasonably foreseeable.

In *Slinkard v. Babb* (1954), 125 Ind.App. 76, 112 N.E.2d 876, *trans. den'd.*, Slinkard was driving northbound at 15 miles per hour on the Evansville-Henderson bridge. The bridge's 3 lane driving surface was solid ice, the center lane unobstructed. Babb rear-ended Slinkard's auto causing minor damage. Slinkard was standing between the rear of his car and the front of Babb's when a drunken driver with a clear view of the stopped vehicle, and an unobstructed center lane struck Babb's car in the rear with great force, propelling it forward. Slinkard was crushed between his and Babb's car. He was seriously and permanently injured. The Slinkard Court held Babb's acts did no more than furnish a condition by which Slinkard's subsequent injury was made possible. Because the drunken driver's acts could not have been anticipated, they constituted an intervening force which broke the chain of causation

between Babb's conduct and Slinkard's injuries. Thus, Babb's acts could not be held to be the proximate cause of Slinkard's injuries as a matter of law. *Slinkard,* 112 N.E.2d at 880.

*Havert* involved similar facts. Havert, a policeman, stopped his car in a parking lane early one morning to investigate a house for prowlers. Hook then stopped his car behind Havert's patrol car. Hook's car was immediately rear-ended by Caldwell's car. After a few minutes Havert returned. While Hook and Havert were standing between the patrol car and Hook's auto inspecting the damage, Warren, a drunken driver, rear-ended Caldwell's car causing a reverse chain reaction collision resulting in Hook's and Havert's being crushed between the patrol car and Hook's auto. They were both seriously injured. The *Havert* Court said

> Considering all the circumstances, Caldwell's act cannot *as a matter of law* be held to be the proximate cause of the injuries of Hook and Havert due to the unforseeability of the subsequent act of Warren. (Emphasis supplied).

*Havert,* 452 N.E.2d at 159. The court determined because Warren's act reasonably could not have been foreseen, it constituted an intervening force which broke the chain of causation.

The same is true here. Waltz's subsequent act of rearending the Wixom vehicle was not foreseeable by Gledhill as a matter of law. Thus, it was an intervening force between Gledhill's allegedly wrongful act of putting a snowplow blade without torus segments on its edges into the stream of commerce and the Wixoms's injuries and death, relieving Gledhill of any liability therefor.

Affirmed.

MILLER, P.J., concurs.

RATLIFF, C.J., concurs in result.