**Sam PENCE, Appellant–Respondent,**

**v.**

**Laurie A. PENCE, Appellee–Petitioner.**

**No. 85A02–9509–CV–537.**

Court of Appeals of Indiana.

July 3, 1996.

---

**OPINION**

KIRSCH, Judge.

Sam Pence appeals, pro se, the termination of his visitation rights with his two minor children. Pence's sole argument is that the trial court abused its discretion when it terminated his visitation with his children without a hearing.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On July 9, 1992, the Petitioner, Laurie A. Pence (Mother) filed a petition for dissolution of marriage. At that time, Sam Pence (Pence), her husband, was serving an eight-year sentence at the Indiana State Farm (ISF) for conspiracy to commit battery. The final decree of dissolution, issued on April 15, 1993, granted custody of the parties' two minor children to the Mother and denied Pence visitation.

On September 21, 1993, Pence filed a motion for visitation. Pursuant to the motion, the court ordered a child welfare investigation to determine Pence's suitability to have visitation with his children. After receiving the report from the child welfare investigator, the trial court ordered visitation to begin at the prison.

The ISF received the court order and proceeded to write to the trial judge to inform him that Pence was, at that time, housed in the ISF maximum security unit. According to ISF staff counsel, the policy at ISF required offenders housed in the maximum security unit to wear shackles and leg irons when visiting with persons under the age of eighteen. ISF was prepared to comply with the court's visitation order, but was concerned about the detrimental effect on the children. Although the record is unclear, it appears that based upon ISF"s letter the trial court suspended Pence's visitation rights until he was removed from the maximum security unit.

In February of 1995, after having been removed from the maximum security unit in December of 1994, Pence received a visit from his minor children. After the one visit, Mother discontinued visitation, and Pence

---

Sam Pence, Greencastle, Appellant Pro Se.

filed a verified motion for just cause as to why visitation with his children had been discontinued. Pence wrote a letter to the trial judge asking that a hearing be set to resolve the visitation matters. In response, Mother filed a motion for termination of visitation between Pence and his children until Pence was released from the Indiana Department of Correction. The trial court then ordered Pence's visitation terminated pending a hearing on the issue of visitation to be held after Pence's release.

## DISCUSSION AND DECISION

■ In his brief, Pence contends that the trial court erroneously terminated his visitation, ex parte, without notice or hearing. We agree.

■ Visitation by non-custodial parents is provided for by IC 31–1–11.5–24, which states in part:

"(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing that visitation by the parent might endanger the child's physical health or significantly impair his emotional development.

"(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

The right of parents to visit their children is "a sacred and precious privilege" which should be enjoyed by non-custodial parents. *Stewart v. Stewart,* 521 N.E.2d 956, 960 (Ind. Ct.App.1988), *trans. denied.* While the right of visitation is subordinate to the best interests of the child, visitation may be denied or restricted, under IC 31–1–11.5–24(a) and (b), only if the trial court finds that visitation might endanger the child's physical health or significantly impair his emotional development.

■ When reviewing a trial court's determination concerning visitation by a non-custodial parent we may reverse only on a showing of manifest abuse of the trial judge's discretion. *Carter v. Dec,* 480 N.E.2d 564, 566 (Ind.Ct.App.1985).

"Such an abuse of discretion will not be found unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Our function on appeal is 'to examine the decision of the trial court and determine whether the record discloses evidence or reasonable inferences to be drawn therefrom which serve as a rational basis to support the finding of the trial court.' We will not reweigh the evidence or judge the credibility of the witnesses."

*Id.*

■ The Fourteenth Amendment due process and equal protection clauses recognize a fundamental right to family integrity. *Matter of Joseph,* 416 N.E.2d 857, 859 (Ind. Ct.App.1981). Similarly, our supreme court has recognized the parent-child relationship as "a sacred and precious privilege." *Stewart,* 521 N.E.2d at 960. A fundamental right to family integrity means that our federal constitution, as a matter of substantive due process, protects the private ordering of interpersonal relationships from state intrusion. *Id.* State interference may be justified only by a compelling state interest. *Id.* The "best interests" test set forth in IC 31–1–11.5–24 constitutes a compelling state interest which justifies the resultant interference with the rights of the biological parents. *Id.* at 861.

In *Smith v. Smith,* 869 S.W.2d 55 (Ky.App. 1994), father was an inmate at the Eastern Kentucky Correctional Complex, serving a life sentence for murder, robbery and kidnaping. During father's incarceration, the mother filed for dissolution, and a decree was entered which provided in part: "The support and visitation concerning the children are deferred as the Petitioner has no property or income and is a prisoner." *Id.* at 55.

After the decree was entered, the mother refused to bring the child to visit the father. Father moved the trial court to allow visita-

tion and requested a hearing. The trial court entered an order stating that:

> "[I]t is inappropriate at this point to consider issues involving the parties' children because of the Petitioner's incarceration, all issues concerning the children having been previously reserved for consideration and decision upon Petitioner's release."

*Id.* at 56.

On appeal, the Kentucky Court of Appeals stated that "serious due-process considerations are patent on the face of the order." *Id.* It further held that:

> "In the instant case there has never been an evidentiary hearing, much less a finding, that [the child] would be endangered in any manner by visiting her father in prison. The issue of visitation has never been addressed on the merits and the decree of dissolution merely reserved the issue for later adjudication.
>
> . . . .
>
> "Moreover, interpreting the decree as barring any attempt to seek visitation until [father] secures his freedom would constitute total deprivation of his rights to visitation, as [his child] will be emancipated before [father] becomes eligible for parole."

*Id.* at 56, 57.

In *Wilcox v. Wilcox*, 635 N.E.2d 1131 (Ind. Ct.App.1994), we held that a trial court's fifteen-month delay before holding a hearing after modifying custody by an ex parte order severely prejudiced the mother's right to a hearing on continued custody so as to deny her procedural due process, and stated:

> "An ex parte order is an extreme remedy which is intended to be temporary in nature. In the face of an emergency, the trial court is called upon to balance the welfare of the children against the custodial parent's right to continued custody. In order to protect the welfare of the child, the court may enter an ex parte order. To protect the relationship between the parent and the children, the court is required by statute to hold a *prompt* hearing—with

notice and an opportunity to be heard—on the custody issue."

*Wilcox,* 635 N.E.2d at 1137.

In *Wilcox,* this court cited *Brown v. Brown,* 463 N.E.2d 310 (Ind.Ct.App.1984), which addressed the trial court's failure to hold a hearing on a petition to modify custody until two months after an ex parte order granting the mother temporary custody. In *Brown,* we held:

> "Because child custody proceedings implicate the fundamental relationship between parent and child, Indiana courts recognize that procedural due process must be provided to protect the substantive rights of the parties.
>
> . . . .
>
> A prompt hearing is especially essential in a custody case where the parties are dueling for a child's affections and the longer a delay, the more chance one party has to influence the child. When the parent who has the opportunity to exert influence has received temporary custody in an ex parte proceeding, there is even a greater reason for having a prompt hearing. . . . Because a delay in custody hearing may increase the chances of a custodial parent eventually being deprived of custody, it is not reasonable for a custody hearing to follow an ex parte transfer of custody by two months."

*Id.* at 313.

*Wilcox* and *Brown* address petitions to modify custody. Although visitation rights and custody rights are not synonymous, they are interrelated. *Jemiolo v. LaPorte Circuit Court,* 442 N.E.2d 1060 (Ind.1982). We believe the reasoning used by these cases is applicable to petitions to terminate or suspend visitation.

Turning to the case before us, IC 31–1–11.5–24 gave the trial court the statutory authority to suspend visitation upon a showing that visitation with Pence would endanger the child's physical health and significantly impair his children's emotional development. Upon a prima facie showing of such endangerment, the trial court may, ex parte, terminate visitation rights to protect the welfare of the children. However,

such an ex parte order is an extreme remedy which must be temporary in nature. To protect the parent-child relationship and procedural due process rights, a trial court is required to hold a hearing promptly after the termination of visitation.

Upon the temporary and ex parte termination of his visitation rights, Pence should have been afforded a prompt hearing and an opportunity to be heard. Accordingly, the judgment of the trial court is reversed and the matter is remanded with instructions for the trial court to hold a hearing promptly on the motion for termination of visitation.

Reversed and remanded.

FRIEDLANDER and NAJAM, JJ., concur.