Edward HURST, Individually and as Next Friend of Michael Hurst, Edward Hurst and Kathryn Butler, as Co-Special Administrators of the Estate of Linda Hurst, Deceased and Edward Hurst, as Father of Edward Hurst, Jr., Deceased, and Thomas Hurst, Deceased, Appellants,

v.

The BOARD OF COMMISSIONERS OF The COUNTY OF PULASKI and Pulaski County, Indiana, Appellees.

No. 485S157.

Supreme Court of Indiana.

April 22, 1985.

Thomas W. Ward, Knox, for appellants.

Miller, Tolbert, Wildman, Muehlhausen & Muehlhausen, P.C., Logansport, for appellees.

## PETITION FOR TRANSFER

GIVAN, Chief Justice.

This case comes before this Court on appellee's Petition for Transfer. We grant the Petition and thereby vacate the decision of the Court of Appeals reported at 446 N.E.2d 347.

On October 1, 1977, appellant Edward Hurst was involved in a two-car accident at the intersection of County Roads 700 North and 300 West in Pulaski County. Hurst was driving along County Road 300 West when he stopped for a stop sign at the intersection. He claims his view west was obstructed by weeds and tall growth on the

highway right-of-way. He proceeded into the intersection where he collided with a pickup truck coming from the west.

Hurst brought this action against the Pulaski County Board of Commissioners alleging: 1) that the Board has a duty to remove weeds and growth from the right-of-way along county highways pursuant to Ind.Code § 8–17–14–1; 2) that the Board has a common law duty to remove weeds and natural growth from along county highway rights-of-way for the protection of motorists; 3) that the Board negligently maintained an inherently dangerous intersection.

The trial court awarded summary judgment for the Board on all theories. In so doing, the trial court held that there was a statutory duty to cut the weeds; however, it had been met in this instance. The court further held there was no common law duty to cut weeds and that the intersection was not inherently dangerous as it is like many other county highway intersections.

The Court of Appeals reversed and remanded the case finding that there is no statutory duty to cut weeds, but that there is a common law duty to maintain the highway in a safe condition for reasonable use. The Court of Appeals further held that the question of whether the cutting of the weeds is within the duty to maintain a safe highway is a question of fact for the jury and not a question of law. Thus the Court of Appeals ruled summary judgment was improper. It further held that there was a factual dispute as to whether the weeds had in fact been cut. Thus the trial court improperly granted summary judgment on the issue of the common law duty to maintain a safe highway.

We hold the question of whether a common law duty exists is a matter of law and not of fact. The question was within the province of the court and not the jury. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701. There this Court stated:

"There are three questions of law to be decided by the trial court concerning these elements before it may submit the

case to the jury. The first is whether the law recognizes any obligation on the part of a particular defendant to conform his conduct to a certain standard for the benefit of the plaintiff.

" 'The duty to exercise care for the safety of another arises as a matter of law out of some relation existing between the parties, and it is the province of the court to determine whether such a relation gives rise to such duty.' *Neal v. Home Builders* [ (1953) 232 Ind. 160, 111 N.E.2d 280], *supra."* 261 Ind. at 611, 308 N.E.2d at 706.

■ The trial court had both the power and the duty to determine whether the county had a duty to remove vegetation at an intersection of two county roads to facilitate improved visibility. The trial court did not err when it ruled on this question. We hold there is no common law duty on the part of county government to remove weeds and vegetation at intersections in order to facilitate improved visibility.

We are pursuaded by the public policy arguments against finding a duty of this nature. We believe these arguments were well stated by the Wisconsin Supreme Court in *Walker v. Bignell* (1981), 100 Wis.2d 256, 301 N.W.2d 447. There the court stated:

"[W]e prefer to declare directly that, as a matter of public policy, municipalities should not be exposed to common law liability under the circumstances present in this case. Exposure to such liability would, we feel, place an unreasonable and unmanageable burden upon municipalities such as the defendants herein, not only in terms of keeping areas adjacent to every highway intersection clear of visual obstructions at whatever intervals are necessitated by the vicissitudes of Wisconsin's climate, but also in terms of the potential for significant financial liability owing to the unfortunate propensity of motorists to have intersection accidents. In addition, because the height and density of vegetation would become a factor in nearly every intersection accident case, municipalities would inevitably be drawn into considerably more litigation, with its attendant costs and demands. To require these defendants to do battle with roadside vegetation under penalty of liability for common law negligence would be to place upon them a burden they should not be made to bear." 100 Wis.2d at 266, 301 N.W.2d at 453.

■ There is a statutory duty requiring counties to cut weeds along highway rights-of-way as set out in Ind.Code § 8–17–14–1. The statute reads as follows:

"Each and every county highway supervisor and the county surveyor and boards of county commissioners of the counties where the county surveyor is charged by law with the supervision and maintenance of county highways, shall cut down or cause to be cut down, and removed from all county highways, by the highway department of the several counties of the state, all briars, thistles, burrs, tree sprouts, docks, willows, sumac, reeds, cat-tails, tall grass, marihuana, Indian or wild hemp or loco weed, shrubs and all other obnoxious growth within the limits of the county highway rights-of-way between the fifteenth of June and the first day of September in each year."

The statute does not mention intersections or visibility along highways but undertakes to mention various noxious weeds and growth that would be harmful to adjacent property. Thus it would appear the intent of the legislature in the passage of the statute was to protect adjacent property, especially farmland from the spread of noxious growth emanating from highway rights-of-way. We hold the statute does not require the cutting of weeds at an intersection in order to provide visability.

■ Although some of the reasons given by the trial court for its decision do not coincide with the statements made in this decision, we nevertheless find that the trial court reached the correct result in making its decision. The trial court is therefore affirmed.

PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion in which

HUNTER, J., concurs.

PETITION FOR TRANSFER

DeBRULER, Justice, dissenting.

An intersection of two public roads is a special place. Maintenance crews are routinely at such locations to deal with problems relating to grading, drainage, and proper signing. Given the danger which dense growth at such locations poses to motorists, farmers on tractors, persons on horseback, cyclists, pedestrians, and even maintenance crews; given what I believe to be the fact that citizens living near and routinely traversing intersections often clean them up for the safety and health of friends and family and therefore relieve the county of the obligation; given the existing statutory duty under Ind.Code § 8–17–14–1 of the county to remove many of the varieties of weeds from all county right of way including intersections; and given the simple remedy of having crews add the varieties of weeds not included in the statute to their checklists and to whack down the most offending ones when discovered at intersections; given these factors, I judge that if the counties have not had a duty of this nature as part of their duty to maintain reasonably safe roads, it is high time they did as a matter of the common law.