Alice BOGER, Appellant,

v.

LAKE COUNTY COMMISSIONERS, Lake County Council, and Lake County Highway Commission, Appellees.

No. 64S03–8912–CV–910.

Supreme Court of Indiana.

Dec. 11, 1989.

James M. Myers, III, Crown Point, for appellant.

Eric L. Kirschner, Galvin, Stalmack, Kirschner & Clark, Hammond, for appellees.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. Plaintiff below, Alice Boger, brought suit against the Lake County Commissioners, Council, and Highway Commission, following her injuries on June 28, 1983. On that date, Boger was driving along Elm Street in Calumet Township, Lake County, Indiana, when she struck a tree which either fell on her as she passed or had previously fallen in her path. She received extensive injuries which included a spinal fracture, a skull fracture, an orbital fracture of the right eye, loss of vision in her right eye, a scalp laceration, blunt abdominal trauma, injury to her mouth and teeth, microadenoma in the pituitary, and a loss of normal female cycles.

The tree fell from property owned by Robert J. Brady, who was renting the property to Kathy and Nick Pejoski. A land surveyor testified that the tree was located within the County-owned thirty foot (30') right-of-way. The tree had a stump of approximately two feet (2') in diameter and was fifty feet (50') tall. Further evidence was offered that the tree leaned at a sharp angle over Elm Street and was top heavy, it was visibly damaged and decayed from an infestation of carpenter ants, and other trees and limbs had fallen in the immediate vicinity on Elm Street and had been cleared away by the Lake County Highway Department.

The trial court entered summary judgment for all defendants on the basis that the required notice under the Indiana Tort Claims Act was not timely received, IC 34–4–16.5–7, and on the further determination that the County was immune from suit under the non-liability provisions of IC 34–4–16.5–3.

On appeal, the Court of Appeals found the trial court had improperly determined timeliness of notice and found the Plaintiff complied with the notice provision of the Indiana Tort Claims Act. We agree with this finding and adopt the Court of Appeals' reasoning on this issue. Trial Rule 6(A)(3) provides the last day of the time period for filing shall exclude the last day if it falls on a holiday as defined by state statute and 6(A)(4) holds the same if the last day is one in which the office in which the act is to be done is closed during regular business hours.

Ind.Code § 1–1–9–1 provides that Christmas is a legal holiday and 1–1–9–1(b) provides that when a holiday falls on Sunday, the Monday next succeeding shall be a legal holiday. *See Ball Stores v. State Board of Tax Commissioners,* (1974), 262 Ind. 386, 391–92, 316 N.E.2d 674, 677.

The final day during which Boger could file was Saturday, December 24, 1983. Therefore, Christmas fell on Sunday, De-

cember 25, and Monday, December 26, was a legal holiday. Boger timely filed on Tuesday, December 27.

However, we observe summary judgment was improvidently entered on the second issue; namely, that the County was immune from suit under the non-liability provisions of IC 34–4–16.5–3. Accordingly, we grant transfer and vacate the Court of Appeals opinion on this issue.

Ind.Code § 8–17–14–1 (repealed by Pub.L. 86–1988; for current law, see IC 36–2–18–1) required the county to cut down noxious growth within the limits of the county highway rights-of-way each year between June 15 and September 1, such as briars, thistles, burrs, tree sprouts, docks, willows, sumac, reeds, cat-tails, tall grass, marijuana, Indian or wild hemp or loco weed, and shrubs. The statute did not mention intersections or visibility along highways, but particularly mentioned various noxious weeds and growth that would be harmful to adjacent property. In *Hurst v. Board of Commissioners of Pulaski County* (1985), Ind., 476 N.E.2d 832, this Court found that statute was meant to protect adjacent property owners from spread of noxious weeds and shrubs, and it did not create a duty on the county to cut weeds along and at intersections in order to provide visibility for users of the highway. This Court further found there was no common law duty on the part of county government to remove weeds and vegetation at intersections in order to facilitate improved visibility. *Id.* at 834. The Court of Appeals affirmed entry of summary judgment by the trial court based on *Hurst.* Although we reaffirm our position in *Hurst,* which remains valid under the current statute, *see* IC 36–2–18–1, we do not find it to be dispositive of the issue presented in the instant case.

In *Board of Commissioners of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852, Briggs brought action against the County following an accident at a dangerous "Y" intersection. Briggs was unfamiliar with the road and in the dark was not able to determine the roadway split in a "Y" configuration and followed a straight course off the roadway, causing him serious injuries. Evidence showed that a warning sign had been placed by the County but had fallen and was found lying by the roadway. The First District Court of Appeals found that because the County had determined a need for, and had erected, a warning sign at the intersection, it had a duty to reasonably maintain it. *Id.* at 111, 337 N.E.2d at 863. The Court further found that mere proof of a missing highway sign and proof that an accident took place would not in itself show proximate cause. *Id.* at 133, 337 N.E.2d at 875.

■ In order for the County to be held liable for a dangerous defect or condition in a highway, it must have knowledge, either actual or constructive, of the dangerous, unsafe or hazardous condition. *Briggs,* 167 Ind.App. at 119, 337 N.E.2d at 867. In the instant case, the tree was on the county highway right-of-way and presented a hazardous condition to those using Elm Street. Casual observation would have revealed this. In addition, several witnesses testified they notified County officials of the hazards existing by reason of the tree's condition. Furthermore, employees of the County had previously been in the immediate vicinity removing limbs and cutting down other trees on Elm Street.

Questions remaining concerning the duty of the County under these circumstances rendered entry of summary judgment improper.

This cause is remanded to the trial court to set aside the entry of summary judgment in favor of defendants.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER and DICKSON, JJ., concur in result without opinions.