**ADAMS TOWNSHIP OF HAMILTON COUNTY, Indiana; Mark Raines, Individually and as Trustee for Adams Township of Hamilton County, Indiana; Harold L. Billingsley; and Anita Billingsley, Appellants–Defendants,**

v.

**Barbara A. STURDEVANT, Individually and as Personal Representative of the Estate of Teddy Wayne Sturdevant, Appellees–Plaintiffs.**

No. 48A02–8902–CV–61 [1].

Court of Appeals of Indiana, First District.

April 23, 1991.

Rehearing Denied June 12, 1991.

---

1. This case was reassigned to this office on January 2, 1991.

Robert L. Hartley, Jr., Martin Wade Hartley & Hollingsworth, Indianapolis, for Billingsleys.

Jack G. Hittle, Church, Church, Hittle & Antrim, Noblesville, for Adams Tp. and Mark Raines.

Robert W. York, Arthur R. Baxter, Jr., Robert W. York & Associates, Indianapolis, for appellees-plaintiffs.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Mark Raines, Adams Township of Hamilton County, Indiana ("Township"), and the Billingsleys appeal from a judgment awarding $120,000 and $55,000 respectively, to Barbara Sturdevant, as personal representative of Teddy Wayne Sturdevant's estate, as wrongful death damages. We reverse.

## ISSUES [2]

We consider only two of the issues on appeal:

1. Does the fence statute create a duty owed by the appellants to protect Teddy from harm?

2. Was sufficient evidence presented to find proximate cause?

## FACTS

In 1986, Teddy Wayne Sturdevant and his wife, Barbara, owned real estate in Adams Township, Hamilton County, Indiana. The Sturdevants' cattle grazed on an 80–acre tract adjacent to property owned by the Billingsleys. A wire fence

---

**2.** Because we find the first two issues to be dispositive, we do not address the issues regarding contributory negligence, the appropriateness of a jury instruction, the denial of Adams Township's motion to amend its answer, the affirmative defense of timeliness of the filing of this action, and immunity.

ran along the boundary between the properties. The Sturdevants were responsible by statute[3] for the eastern portion of the fence, and the Billingsleys were responsible for the western portion of the fence. Teddy complained on several occasions that the Billingsleys' portion of the fence needed repair. However, the Billingsleys failed to repair the fence.

Teddy contacted the township trustee, Mark Raines. According to the statute, the trustee could repair the fence and charge the landowner the cost of repair as a property tax. Raines viewed the fence but did not have it repaired.

On April 26, 1986, the Sturdevant's cattle escaped through the portion of the fence for which the Billingsleys were responsible. After capturing the cattle, Teddy decided to repair the fence with the aid of his wife and daughter. As he finished repairing the fence, Teddy suffered a cardiac arrest and died.

Barbara brought this wrongful death action against the Billingsleys, Adams Township, and Raines. At trial, the Sturdevants' family doctor testified that Teddy was diagnosed in 1980 as having coronary artery disease for which he was prescribed medicine. Teddy quit going to the doctor and taking the medication in 1981. The jury entered a verdict against Raines and Adams Township for $120,000 and the Billingsleys for $55,000. Raines, Adams Township, and the Billingsleys appeal.

## DISCUSSION AND DECISION

*Issue One*

■ Adams Township, Raines, and the Billingsleys contend the fence statute is not applicable because no duty to Teddy was established. This contention was raised at trial in the Billingsleys' motion for judgment on the evidence and in Adams Township's and Raines' motion to dismiss for failure to state a claim. Whether or not a duty exists is a matter of law for the court. *Hurst v. Board of Commissioners of Pulaski County* (1985), Ind., 476 N.E.2d 832.

Adams Township, Raines, and the Billingsleys interpret the fence statute as intending to allocate the costs of maintaining fences, not to protect persons from injury. Barbara contends the fence statute had two purposes: cost allocation and safety. We find the present case to be similar to *Hurst*. In *Hurst*, the purpose of the statute[4] requiring counties to cut weeds along highways was to protect adjacent property from the spread of noxious growth of weeds. *Id.* at 834. The statute did not require the cutting of weeds at an intersection to improve visibility. Therefore, a motorist injured in a collision at an intersection, who claimed the overgrowth of weeds caused the accident, could not collect damages against the county in a suit based upon the statute. *Id.*

The purpose of the fence statute is to allocate the costs of maintaining fences between different landowners. The cases Barbara relies upon are distinguishable because each statute or ordinance specifically identified one of its purposes as safety. We find no evidence of an intent of the fence statute to provide for the safety of persons. The fence statute merely provides for the building, repairing, and maintaining of partition fences. Therefore, wrongful death damages cannot be collected for Teddy's death based on the fence statute. *See Hurst*, 476 N.E.2d at 834; *cf. Sheridan v. Siuda* (1971), 150 Ind.App. 395, 406, 276 N.E.2d 883, 889, *trans. denied.* (Because ordinance was enacted to protect city streets, not safety of citizens, violation of ordinance was not negligence).

Because we hold the fence statute provides no duty in this matter, we find the trial court erred in denying the motions of the Billingsleys, Adams Township, and Raines.

*Issue Two*

■ Even if we had found the statute created a duty, we would find the evidence was insufficient to show proximate cause. The foreseeability of the ultimate injury as a natural and probable consequence of an

---

3. IND.CODE § 32–10–9–1 *et seq.*

4. IND.CODE § 8–17–14–1 (1982 Ed.).

act or omission is determinative of the existence of proximate cause. *Yaney v. McCray Memorial Hospital* (1986), Ind. App., 496 N.E.2d 135, 138. The question of proximate cause usually is a question for the jury, but where only a single conclusion can be drawn, it is a question of law to be determined by the court. *Id.*

■ In the present case, the only conclusion that can be drawn is that Teddy's death was not reasonably foreseeable; and therefore, was not proximately caused by the appellants. The string of causation is too remote: if the Billingsleys had maintained the fence, then the cattle would not have escaped, Teddy would not have become upset and fixed the fence himself; he would not have exerted himself, suffered a cardiac arrest, and died. Legal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability. *Bridges v. Kentucky Stone Co.* (1981), Ind., 425 N.E.2d 125, 127. We do not find the failure to repair the fence was closely connected with the result —Teddy's death.

Proximate cause is lacking because Teddy's death was not reasonably foreseeable. Because Barbara failed to carry her burden of proving proximate cause, the trial court erred in denying judgment on the evidence for the appellants.

Reversed.

ROBERTSON and BAKER, JJ., concur.