## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 28 2020, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gary M. Selig
Gerald A. Coraz
Law Office of Gary M. Selig, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jessica Reed, <br> *Appellant-Petitioner,* <br><br> v. <br><br> The Commissioner of the Indiana Bureau of Motor Vehicles and The Marion County Prosecutor, <br> *Appellees-Respondents* | October 28, 2020 <br><br> Court of Appeals Case No. 20A-MI-684 <br><br> Appeal from the Marion Circuit Court <br><br> The Honorable Sheryl Lynch, Judge <br><br> The Honorable Amber Collins-Gebrehiwet, Magistrate <br><br> Trial Court Cause No. 49C01-1803-MI-12315 |

**Crone, Judge.**

## Case Summary

Jessica Reed appeals the trial court's order denying her motion to correct error (Appealed Order) after the trial court revoked her specialized driving privileges (SDP). Reed contends that the trial court abused its discretion by denying her motion and that she was deprived of due process. Finding no abuse of discretion and that Reed waived her due process claim, we affirm.

## Facts and Procedural History

Reed's driver's license was suspended in 2017. In 2018, Reed filed a petition for SDP pursuant to Indiana Code Section 9-30-16-4, with service of process upon the Indiana Bureau of Motor Vehicles (BMV) and the Marion County Prosecutor (collectively Appellees). In May 2018, the trial court issued an order granting her SDP (SDP Order) with the following requirements: (1) not to operate a motor vehicle with an alcohol concentration equivalent (ACE) of .02 grams or more of alcohol per 210 liters of her breath; (2) not to consume alcohol; (3) not to commit any moving traffic violations; (4) to give notice to the court of "any convictions and/or guilty findings for criminal offenses, probation violations, and/or traffic offenses within forty-eight (48) hours;" and (5) only to operate a motor vehicle with an ignition interlock device installed. Appellant's App. Vol. 2 at 21-22. A compliance hearing was held in July 2019, at which Reed asked the trial court to remove the requirement that she only operate her vehicle with an ignition interlock device installed. Reed testified that she had been sober for over three years and was participating in alcohol counseling or

AA at least twice a week.  The trial court granted her request, and the other SDP requirements remained unchanged.  *Id*. at 31-36.

[3]     In November 2019, the trial court received an anonymous letter alleging that Reed had been convicted of drunk driving four times since 2012 and had been arrested again in August 2019 for level 6 felony drunk driving.  The writer opined that Reed should not be driving because she was going to "kill someone."  *Id*. at 14.  In response, the trial court set a compliance hearing for Reed's SDP.

[4]     At the compliance hearing, Reed appeared with counsel, and a Marion County prosecutor appeared on behalf of BMV.  The trial court swore in Reed and asked her whether she had been arrested for operating a vehicle while intoxicated (OVWI).  Reed admitted that she had.  The trial court informed her that it was going to revoke the SDP Order and took judicial notice of her driving record.  The trial court observed that when Reed was arrested in August, her breath test revealed an ACE of .074 grams of alcohol per 210 liters of breath in violation of the requirement that she not operate a vehicle with an ACE of .02 grams or more.  *Id*. at 41-42.  The trial court informed Reed that her SDP were going to be revoked because she had been arrested for OVWI, and the court also noted that Reed was required to "report any arrests or conviction" and did not notify the court of her arrest.  *Id*. at 42.  Following the hearing, the trial court issued an order revoking Reed's SDP (Revocation Order), finding that Reed had been arrested for OVWI, which was a violation

of the conditions of her SDP, and therefore her SDP should be revoked. *Id*. at 16.

[5] In December 2019, Reed filed a motion to correct error, asserting that the Revocation Order was arbitrary and not in accordance with due process of law because she did not violate the SDP Order's requirement to "give notice to the Court of any **convictions** and/or **guilty findings** for criminal offenses, probation violations, and/or traffic offenses within forty-eight (48) hours." *Id*. at 11 (brackets removed). The trial court issued an order setting a hearing on Reed's motion to correct error and ordering Reed to bring a copy of the probable cause affidavit for her OVWI arrest to the hearing. *Id*. at 15.

[6] In January 2020, the hearing on Reed's motion to correct error was held. Reed appeared by counsel, and a Marion County prosecutor appeared on behalf of the BMV. Reed's counsel proffered a copy of the probable cause affidavit for Reed's arrest as Petitioner's Exhibits A and B, which the trial court admitted without objection. Reed's counsel argued that Reed did not violate the requirement that she notify the trial court of any criminal convictions or traffic offenses because she had not yet been convicted of OVWI. *Id*. at 50. The prosecutor agreed with Reed's interpretation that she was not required to report arrests. *Id*. at 50-51. Reed's counsel asked the trial court to stay its order until the final disposition regarding Reed's arrest and suggested that it was possible that Reed's certified chemical test was improperly administered. The trial court stated that Reed had submitted to a certified chemical breath test, which indicated that her ACE was .074 grams of alcohol per 210 liters of breath in

violation of the SDP Order, which required her not to operate a vehicle with an ACE of .02 grams or more. *Id*. at 52. The trial court also noted that Reed had taken a portable breath test, which showed an even higher blood alcohol concentration. *Id*. The trial court declined to "overlook [Reed's] violations on speculation that both breath test machines were not working." *Id*. The trial court informed Reed's counsel that if Reed obtained evidence that both breath tests were working improperly, the court would reconsider the revocation of Reed's SDP.

[7] In February 2020, the trial court issued the Appealed Order, finding that Reed violated the conditions of the SDP Order because she (1) operated a vehicle after consuming alcohol; (2) operated a vehicle with an ACE of more than .02 grams of alcohol per 210 liters of breath; and (3) failed to report her OVWI arrest, and the arrest constituted a traffic infraction that she was required to report. *Id*. at 8-9. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion by denying Reed's motion to correct error.

[8] Generally, we review rulings on motions to correct error for an abuse of discretion. *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). A trial court abuses its discretion when its decision is contrary to the logic and effect of the facts and circumstances before it or if it misinterprets the law. *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017). Where questions

of law are at issue, our review is de novo. *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018).

[9] Reed argues that the trial court abused its discretion in denying her motion to correct error because the Revocation Order was based on the trial court's erroneous belief that her failure to notify the trial court about her arrest was a violation of the SDP Order's notice requirement. Specifically, she asserts that the notice requirement applies to "convictions and/or guilty findings[,]" not arrests. Appellant's App. Vol. 2 at 22. Appellees do not take issue with Reed's interpretation of the SDP Order's notice requirement. Rather, they maintain that the trial court did not abuse its discretion simply by correcting its analysis and changing the basis for revoking the SDP Order. We agree. Indeed, reviewing courts have affirmed a trial court's decision on a basis different from that of the trial court where the ultimate conclusion of the trial court was proper. *See Kimberlin v. DeLong*, 637 N.E.2d 121, 125 (Ind. 1994) ("[A] trial court's judgment may be affirmed if sustainable on grounds different from those reflected in the trial court's findings."); *Hurst v. Bd. of Comm'rs of Pulaski Cty.*, 476 N.E.2d 832, 834 (Ind. 1985) ("Although some of the reasons given by the trial court for its decision do not coincide with the statement made in this [opinion], we nevertheless find that the trial court reached the correct result in making its decision."); *Rimert v. Mortell*, 680 N.E.2d 867, 871 (Ind. Ct. App. 1997) (concluding that trial court reached the correct conclusion, but for reasons different from those advanced by the trial court), *trans. denied*.

[10] Here, the trial court's findings in the Appealed Order that Reed violated the conditions of the SDP Order are supported by the probable cause affidavit for her OVWI arrest. The probable cause affidavit shows that Reed was arrested, submitted to a chemical test operated by a certified chemical test operator with a certified instrument, and had an ACE of 0.74 grams of alcohol per 210 liters of breath. Appellant's App. Vol. 2 at 54. As such, the probable cause affidavit supports the trial court's findings that Reed operated a vehicle after consuming alcohol and operated a vehicle with an ACE of .02 grams or more of alcohol per 210 units of breath. Reed contends that the allegations in the probable cause affidavit were inadmissible hearsay.[1] However, Reed not only failed to object to the admission of the evidence, she proffered the probable cause affidavit as Petitioner's Exhibits A and B, and therefore this issue is waived. *See Kubsch v. State*, 784 N.E.2d 905, 923 (Ind. 2003) ("Failure to object at trial to the admission of evidence results in waiver of that issue on appeal.").

[11] We also note that the trial court had already taken judicial notice of Reed's driving record at the compliance hearing and found that Reed's ACE from the chemical test she took when she was arrested was .074 grams, a clear violation of the SDP Order. Even if the trial court erred in finding that Reed was required to report her arrest, we would have no trouble concluding that the remaining two violations support the revocation of her SDP. Accordingly, the

---

[1] Reed also contends that the trial court impermissibly considered the probable cause affidavit because she was not given notice that the court intended to consider facts beyond what it found at the revocation hearing. We consider this claim in conjunction with Reed's due process argument.

trial court did not abuse its discretion by denying Reed's motion to correct error.

## Section 2 – Reed waived her due process argument.

Reed also contends that she was deprived of due process at both the compliance hearing and the hearing on her motion to correct error. Specifically, she argues that she was not given notice that the probable cause affidavit would be used as evidence, she did not have an opportunity to confront the witnesses against her, and the trial court overstepped its authority by assuming an adversarial role in the proceedings.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits "state action which deprives a person of life, liberty, or property without the 'process' … that is due, that is, a fair proceeding." *Ind. High Sch. Athletic Ass'n v. Carlberg by Carlberg*, 694 N.E.2d 222, 241 (Ind. 1997).[2] To invoke the protections of the Due Process Clause, a party must first establish that he or she has a protectable interest. *Id*. If the party has a protectable interest, then we determine what process is due by using "a balancing test which takes into consideration an individual's private interest, the State's interest, and the risk of erroneous deprivation if the current procedure is

---

[2] Our analysis under the "Due Course of Law Clause" in Article 1, Section 12 of the Indiana Constitution is the same as that under the Due Process Clause. *Carlberg*, 694 N.E.2d at 241. We observe that Reed cited the wrong provision of the Indiana Constitution.

continued to be used." *Reynolds v. State*, 698 N.E.2d 390, 392 (Ind. Ct. App. 1998), *trans. denied*.

[14] Reed makes no argument that her SDP are a protectible interest, nor does she acknowledge the balancing test or present any analysis relevant to it. Therefore, Reed has waived her due process argument for failure to present a cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring that contentions in appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal); *Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[15] Waiver notwithstanding, Reed's contention is without merit. Turning first to her contention that she did not receive notice that the probable cause affidavit would be used as evidence, we cannot imagine any other reason the trial court would have ordered her to bring it to the hearing. Further, as noted above, she proffered the probable cause affidavit and did not object to its admission, which arguably supports a reasonable inference that she expected it to be admitted as evidence.

[16] As for the opportunity to cross-examine witnesses, Reed did not ask to cross-examine anyone at the hearings, so any error is waived. *See Archem, Inc. v. Simo*, 549 N.E.2d 1054, 1060 (Ind. Ct. App. 1990) (concluding that procedure

utilized by trial court deprived defendant of right to cross-examine witness, but defendant's failure to object to procedure waived that right), *trans. denied*.

[17] Last, we consider Reed's argument pertaining to the trial court's role in the proceedings. Reed complains that the trial court improperly initiated the compliance hearing, but she does not cite any case law on this claim. As such, her claim is waived for failure to present cogent argument. *See Smith*, 822 N.E.2d at 202-03. Reed also asserts that the trial court improperly took on a prosecutorial role by asking questions. Reed is correct that "a judge may not assume an adversarial role in any proceeding." *Isaac v. State*, 605 N.E.2d 144, 148 (Ind. 1992). However, a judge "may intervene in the fact-finding process and question witnesses in order to promote clarity or dispel obscurity." *Id*. "As long as the questioning is conducted in an impartial manner and the defendant is not prejudiced, such questioning is within the discretion of the court." *Id*. Moreover, when a jury is not present, the trial court is afforded broader discretion. *See Moore v. State*, 723 N.E.2d 442, 448 (Ind. Ct. App. 2000) ("[A] judge's discretion in questioning witnesses is broader in bench trials than in trials before juries."). Here, the trial court's questions were straightforward and clearly intended to ascertain facts. We conclude that the trial court did not act improperly. *See Isaac*, 605 N.E.2d at 149 ("A trial judge is not transformed into a prosecutor by calling and asking questions of the court's own probation officer to determine whether the court's probation order has been violated.").

[18] Based on the foregoing, we affirm the Appealed Order.

Affirmed.

Robb, J., and Brown, J., concur.